PEOPLE v TURNER

Docket No. 80222. Submitted January 21, 1986, at Detroit. Decided
October 7, 1986. Leave to appeal denied, 427 Mich 854.

Aaron Turner and John Glide were charged with breaking and
entering a place of business with intent to commit larceny. The
Detroit Recorder's Court, Michael F. Sapala, J., granted defen-
dants' motion to suppress certain evidence seized pursuant to a
search warrant and dismissed the charges because the affidavit
supporting the search warrant contained misstatements. The
people appealed by leave granted.

The Court of Appeals *held:*

An affidavit which supports a search warrant is presumed to
be valid, and a challenge of the affidavit must allege deliberate
falsehood or reckless disregard for the truth, accompanied by
an offer of proof. Where such allegations are substantially
shown to be true and are necessary to a finding of probable
cause, a hearing must be held at the challenger's request, and
where the allegations are subsequently established by a prepon-
derance of the evidence and, with the affiant's false material
set aside, the affidavit's remaining content is insufficient to
establish probable cause, the search warrant must be voided
and the fruits of a search made pursuant to the warrant
excluded. The affidavit herein, with the misstatements omitted,
contained sufficient facts to establish probable cause for the
issuance of the warrant.

Reversed and remanded.

SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS.

An affidavit which supports a search warrant is presumed to be
valid, and a challenge of the affidavit must allege deliberate
falsehood or reckless disregard for the truth, accompanied by
an offer of proof; where such allegations are substantially
shown to be true and are necessary to a finding of probable
cause, a hearing must be held at the challenger's request, and

REFERENCES

Am Jur 2d, Searches and Seizures § 64.

Disputation of truth of matter stated in affidavit in support of
search warrant—modern cases. 24 ALR4th 1266.

where the allegations are subsequently established by a prepon-
derance of the evidence and, with the affiant's false material
set aside, the affidavit's remaining content is insufficient to
establish probable cause, the search warrant must be voided
and the fruits of a search made pursuant to the warrant
excluded.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Andrea J. Solak,* Assistant Prosecuting Attorney, for the people.

*Stephen J. Remski,* for defendant Turner.

*Gerald M. Lorence,* for defendant Glide.

Before: M. J. KELLY, P.J., and SHEPHERD and M. R. KNOBLOCK,* JJ.

M. R. KNOBLOCK, J. The defendants were charged with the offense of braking and entering a place of business with the intent to commit the crime of larceny therein, MCL 750.110; MSA 28.305. Before trial, the trial judge granted the defendants' motion to suppress evidence and dismissed the case without prejudice. The people appeal by leave granted.

Defendants are City of Detroit police officers. In the early morning of July 29, 1983, a break-in occurred at Alexander's Bookstore on Conant Avenue in the City of Detroit. Police department records indicate defendants were assigned to plainclothes duty on the date in question and were driving a brown, unmarked police vehicle. The records further indicate defendants arrived at the scene at approximately 2:45 A.M. Subsequent investigation revealed that a quantity of lottery tickets

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and a .25-caliber automatic pistol in a case were missing from the store.

Members of the Detroit Police Department Internal Affairs Section conducted an investigation. As part of that investigation, an affidavit for a search warrant was prepared containing the following:

> The affiant is a member of the Detroit Police Department assigned to the Internal Affairs Section, and is investigating a Breaking and Entering of Alexander's Book Store, located at 12104 Conant, which occurred on July 29, 1983, at approximately 2:45 A.M., where the above mentioned items were taken.
>
> At approximately 2:45 A.M., Miss Sherry Lee Tyminski, 12/w/F, of 12041 Conant, was awakened by the sound of glass breaking and the sound of a police radio. Within one to two minutes after hearing the above noises, Sherry Tyminski went to her front bedroom window, which faces 12104 Conant, and from there she observed a brown 4 door vehicle parked on the sidewalk facing Alexander's Book Store. She then observed a B/M, tall and thin build, with a black stick in his hand, breaking out a 24 x 36 plate glass window and subsequently enter the Book Store. She then notified her mother, Ms. Betty Zydura, 31/w/F, who in turn notified the Hamtramack [sic] Police Department. Police Officers R. Szafran, Badge 36, and S. Sadzinski, Badge 63, arrived at approximately 2:57 A.M., and found a brown unmarked vehicle with the front fender directly under the broken window of the Book Store. Officer Sadzinski yelled inside the store, "Police, is everything OK?" At this time a W/M walked out from the back and said "everything is all right." At exactly 3:00 A.M., the Emergency 24 Alarm Company received an alarm signal from the Book Store. The alarm is located within the premises and would not have been activated as a result of the front window being broken. The alarm was activated only in the area where the above listed items were taken.

Detroit Police Department records reveal that on this date, Police Officer John Glide, w/M, and Police Officer Aaron Turner, B/M, were assigned to plainclothes duty and were driving a 1982 Grand Fury 4 door brown in color, Code 823010. The records further indicate that they were at the scene at approximately 2:45 A.M. on this date.

Therefore, the affiant has probable cause to believe that the above listed items were taken and are still in the possession of Police Officers John Glide and Aaron Turner.

Based on the above affidavit, a search warrant was issued authorizing the search of the defendants' respective homes and personal automobiles. As a result of the search conducted pursuant thereto, the missing property was found and seized.

On the first day of trial, defendants moved for suppression of the evidence on the basis that the affidavit contained several errors or omissions. The trial court ordered an immediate hearing during which the following errors or omissions were established.

1. In statements to police, the witness Sherry Tyminski described the color of the automobile she observed first as "brown" and later as "dark blue." This fact was omitted from the affidavit which recited that she observed a brown vehicle.

2. Sherry Tyminski stated that she observed a tall thin black man 6' 12" tall, dressed in a police uniform, breaking out the rest of the front window of the store. The affidavit did not contain her statement as to the perpetrator's exact height or that he was dressed in a police uniform and breaking out the "rest" of the window.

3. Sherry Tyminski stated that her vision was blurry without her glasses, although she stated she had her glasses on during most of her observations.

4. Sherry Tyminski's mother stated that she saw a man who looked like a police officer climb through the window. This was omitted from the affidavit.

5. During the investigation of the premises two pieces of concrete and a crowbar were found in the area of the broken window. This information was omitted from the affidavit.

At the conclusion of the hearing the trial court stated:

> The question here is whether or not, what I count to be a total of six errors and ommissions [sic], that we can then look at this affidavit and see whether there is still sufficient probable cause. And I'm not sure I can answer that question. All I know is that an extraordinary taint remains.
>
> I don't know what a magistrate would do. I don't even know what this affidavit would look like, frankly, if those mistakes, for want of a better phrase, were excluded and the ommissions [sic] included, or the affidavit corrected to be consistent with the statement of Sherry Tyminski and her mother and the investigation conducted by Sgt. Miller. In that sense the affidavit is not salvageable.
>
> The motion to quash the warrants, suppress the evidence is granted.

In *Franks v Delaware,* 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978), the United States Supreme Court held that a defendant had a right to challenge the truthfulness of factual statements made in an affidavit supporting a warrant. The Court held:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory

and must be supported by more than a mere desire to cross examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing, is of course, another issue. [*Id.,* pp 171-172.]

In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit. [*Id.,* p 156.]

This Court has adopted and applied the *Franks* standard on several occasions. See *People v Poindexter,* 90 Mich App 599; 282 NW2d 411 (1979), lv den 407 Mich 876 (1979); *People v Williams,* 134

Mich App 639; 351 NW2d 878 (1984); *People v Howey,* 118 Mich App 431; 325 NW2d 451 (1982), lv den 418 Mich 882 (1983); *People v Ward,* 107 Mich App 38; 308 NW2d 664 (1981), lv den 417 Mich 938 (1983). And the Michigan Supreme Court has given its approval to the *Franks* standard by remanding the case of *People v Price,* 86 Mich App 641; 273 NW2d 97 (1978), for reconsideration in light of the *Franks* decision. 406 Mich 881 (1979).

The trial court in the present action concluded that the omissions and misstatements amounted to a reckless disregard for the truth. The people do not dispute this assertion but contend that the trial court erred in concluding, after the misstatements were omitted and the omissions supplied, that the affidavit's content was insufficient to establish probable cause. We agree and reverse.

Uncontested portions of the affidavit establish that defendants were at the scene at 2:45 A.M. on the date in question, that they were driving a brown vehicle, that Hamtramck police arrived at the scene at 2:57 A.M. and observed that an apparent break-in had occurred and that a brown vehicle was parked on the sidewalk with a front fender directly below the broken store window, that the alarm, which could only be activated in the area in which the missing property was located, was activated at 3:00 A.M. while defendants were apparently still in the building. These facts are, in our opinion, sufficient to establish probable cause to believe the missing items were taken by defendants and, therefore, were in their possession.

Deletion of the alleged misinformation and addition of the omitted information, as was done by the trial court, does not alter our conclusion that the factual content of the affidavit was sufficient to

establish probable cause.[1] The fact that the witness, Sherry Tyminski, at one time described the vehicle at the scene as dark blue is insignificant in light of the uncontested Hamtramck police report that the vehicle was brown. The record is silent as to defendant Turner's actual height, but he was described as "tall" and he may very well be within a few inches of seven feet tall. The fact that the individual seen breaking and crawling through the window was in a police uniform *supports* the assertion that defendants were the perpetrators since, although assigned to plainclothes duty that morning, being police officers, they had ready access to police uniforms. The fact that Sherry Tyminski's vision is blurry without her glasses is irrelevant since she stated she had them on during most of her observations. Although Sherry Tyminski stated she observed the individual breaking out the *rest* of the window, she also stated she heard the sound of breaking glass prior to making her observations. The statement that he was breaking out the rest of the window can just as readily be construed to mean he was finishing the job, as that he was breaking glass out of the window that someone else had previously broken. Similarly, the presence of the pieces of concrete and the crowbar in the area of the window are equally consistent with the theory that they had no involvement in the crime or were used by the defendants, as that they were utilized for the breaking by some other person. Having applied the *Franks* standard, we are convinced that the trial court erred in suppressing the evidence seized.

The order of the trial court quashing the search warrants and suppressing the evidence is reversed and the case is remanded for trial.

---

[1] There is no express authority under *Franks* for the trial court to have included the information which had allegedly been improperly omitted. However, since we conclude there was sufficient evidence to establish probable cause irrespective of whether this information is considered, we decline to address the issue.