## PEOPLE v KOLNIAK

Docket No. 100411. Submitted November 7, 1988, at Detroit. Decided February 21, 1989.

Gerald Lee Kolniak and Louann Leslie Magill, charged in Detroit Recorder's Court with possessing marijuana with intent to deliver, filed a motion to quash the information against them. Defendants contended that part of the evidence presented at the preliminary examination was seized pursuant to a search warrant that was defective because it failed to establish probable cause and was overly broad with respect to the items to be seized and the areas to be searched. The trial court, Vera Massey Jones, J., granted the motion, ruling that, although the warrant contained a probable-cause showing in support of the search for marijuana, there was no such showing in support of the search undertaken for other narcotics. The people appealed.

The Court of Appeals *held:*

Where portions of a search warrant are invalid for such reasons as lack of a showing of probable cause or lack of specificity in the description of the items sought to be seized, the invalid portions may be severed from the warrant and any items seized pursuant to the valid redacted warrant may be admissible as evidence. Here, a remand is necessary to determine whether severance and redaction are in order.

Reversed and remanded.

Searches and Seizures — Search Warrants — Redaction — Evidence.

Where portions of a search warrant are found to be constitutionally invalid following a hearing on a motion to suppress all evidence seized pursuant to the warrant, the invalid portions may be severed from the warrant; suppression may be limited to evidence that was seized pursuant to the invalid portions of the warrant and any remaining evidence need not be suppressed if such evidence could have been properly seized had

References

Am Jur 2d, Evidence §§ 411 *et seq.*

Propriety in state prosecution of severance of partially valid search warrant and limitation of suppression to items seized under invalid portions of warrant. 32 ALR4th 378.

the warrant been executed in its valid redacted form (US Const, Am IV; Const 1963, art 1, § 11).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *John L. Thompson,* Deputy Chief, Special Operations, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*John T. McCloskey,* for defendant on appeal.

Before: CYNAR, P.J., and HOOD and MURPHY, JJ.

HOOD, J. The people appeal as of right from an order of the Detroit Recorder's Court suppressing evidence and dismissing the case against defendants, who had been charged with possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). We reverse and remand for further proceedings.

This appeal began with defendants' motion to quash the information. The defendants argued that part of the evidence presented at the preliminary examination was seized pursuant to a defective warrant which failed to establish probable cause and which was overly broad with respect to the items to be seized and the areas to be searched. The search warrant authorized the search of defendants' residence and other related buildings, an automobile and three named individuals for controlled substances and other related materials, specifically including marijuana. According to the transcript of the preliminary examination, the material seized included fifty-seven pounds of marijuana, plastic bags, a scale, and a notebook containing names and dollar and pound figures.

Following an evidentiary hearing, the trial court found the warrant overly broad and suppressed all

the evidence. The record indicates that the trial court believed there was a probable-cause showing in the warrant to support the search for the marijuana. However, it found that there was not probable cause to support the portions of the warrant dealing with the search for other narcotics. While the court also mentions the overly broad description of the areas to be searched, it is not clear from the record before us what role this played in the court's decision.

The prosecution agrees with the trial court that the portions of the warrant authorizing the search for controlled substances other than marijuana were invalid. The prosecution also concedes overbreadth in the description of the places to be searched. It argues, however, that rather than suppressing the evidence the court should have severed the valid portions of the warrant concerning marijuana and admitted any evidence seized under those portions. Defendants argue that a constitutionally invalid general warrant is at issue and that therefore no valid seizure of any evidence could result.

It is not clear that the option of severance was ever presented to the trial court. As a general rule, this Court will not review an issue raised for the first time on appeal. *People v Lumsden,* 168 Mich App 286, 292-293; 423 NW2d 645 (1988). However, since the issue of severance of invalid portions of a warrant has not been addressed in Michigan, we consider this issue for the guidance it may provide in this case and in future cases.

That invalidity of a portion of a warrant does not require suppression of all evidence seized is a concept that has been recognized in a number of state and federal courts. See Anno: *Propriety in state prosecution of severance of partially invalid search warrant and limitation of suppression to*

*items seized under invalid portions of warrant,* 32 ALR4th 378; Anno: *Propriety in federal prosecution of severance of partially invalid search warrant and limitation of suppression to items seized under invalid portions of warrant,* 69 ALR Fed 522. Instructive on severance or redaction of the valid portions of a warrant is the reasoning set forth in *United States v Christine,* 687 F2d 749 (CA 3, 1982). In reaching its decision that redaction was a valid practice, the *Christine* court reviewed the purposes of the warrant requirements. It began with the Fourth Amendment requirement, US Const, Am IV, that there be a showing of probable cause and specificity in descriptions in a warrant. The rules that have developed under the Fourth Amendment regarding warrants seek to prevent general searches which would give the authorities unbridled discretion to rummage through a citizen's belongings. *Id.,* p 753. The requirements attempt to strike a balance between the government's need to enforce its laws and the citizen's interest in being free from intrusive searches. *Id.*

The individual's remedy when an illegal search and seizure occurs is the suppression of the evidence under the exclusionary rule. In applying the exclusionary rule, the court takes a pragmatic approach, balancing the individual's privacy interest against the public's interest in admitting the evidence validly seized. *Id.,* p 757. The rule more commonly has been applied where an officer, acting under a valid warrant, overreaches the warrant and seizes unauthorized items. The courts in those instances suppress only the evidence illegally seized, recognizing that

[t]he heavy cost to society of excluding evidence which was legally seized and could have been

admitted had the warrant been scrupulously honored far outweighs the objective of deterring future seizures exceeding a warrant's authority by suppressing all the evidence seized. [*Id.*, p 757.]

All evidence seized pursuant to a general warrant must be suppressed, as must all evidence seized under a warrant unsupported by probable cause. *Id.*, p 758. However, where the problem is the partial invalidity of the warrant, redaction and preservation of the valid portions is a practice analogous to the court's treatment of evidence seized when the officer overreaches the warrant. The cost to society of suppressing all the evidence seized does not justify complete suppression. *Id.*

The *Christine* court found that severing the valid portions to allow the use of evidence seized thereunder was consistent with the underlying goals of the warrant requirements:

> First, with respect to the search and seizure conducted pursuant to the valid portion of the redacted warrant, the intrusion into personal privacy has been justified by probable cause to believe that the search and seizure will serve society's need for law enforcement. Second, because it is a duly issued warrant that is being redacted, the objective of interposing a magistrate between the law enforcement officials and the citizen has been attained. Third, even though it may not be coterminous with the underlying probable cause showing, the scope of a search pursuant to a particularized, overbroad warrant is nevertheless limited by the terms of its authorization. In the case of a warrant containing some invalid general clauses, redaction neither exacerbates nor ratifies the unwarranted intrusions conducted pursuant to the general clauses, but merely preserves the evidence seized pursuant to those clauses particularly describing items to be seized. Fourth, as to the valid portions of the warrant salvaged by redaction, the

individual whose property is to be searched has received notification of the lawful authority of the executing officer, his need to search, and the limits of his power to search. Fifth, redaction does not affect the generation of a record susceptible to subsequent judicial review. [*Id.*]

We note that, while the majority of the cases accepting redaction appear to have addressed the situation in *Christine* where defendant challenged the lack of specificity as to the description of some of the items seized, the rule has not been limited to those situations. A residence and a vehicle have been viewed as discretely described "separate target locations," so that lack of probable cause to search the vehicle did not invalidate the search of the residence. *People v Scavone,* 59 AD2d 62; 397 NYS2d 212 (1977); *People v Hansen,* 38 NY2d 17; 377 NYS2d 461 (1975). This same approach has been used to uphold the portions of a warrant supported by probable cause to search a residence even though the portions directing a search of the persons present were not valid. *State v Halverson,* 21 Wash App 35; 584 P2d 408 (1978).

The basic principles set forth in *Christine* are reflected in Michigan case law. We have recognized that the Fourth Amendment is not a guarantee against all searches and seizures, but only against those that are unreasonable. *People v Shabaz,* 424 Mich 42, 52; 378 NW2d 451 (1985). The reasonableness of a search is determined from the circumstances and depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by an officer of the law. *People v Whisnant,* 103 Mich App 772, 779-780; 303 NW2d 887 (1981). Evidence must be excluded where a search and seizure is based upon an invalid search warrant. *People v Sherbine,* 421 Mich 502; 364 NW2d

658 (1984). Where the defendant challenges the truth of facts alleged in the affidavit, our courts have struck only the challenged portions of the warrant or its affidavit. In those cases, if enough substance remains to support a finding of probable cause the warrant is valid. *People v Turner,* 155 Mich App 222; 399 NW2d 477 (1986); *People v Poindexter,* 90 Mich App 599; 282 NW2d 411 (1979).[1]

We find that the analysis as set forth in *Christine* is applicable in the present situation and is consistent with Michigan law. While the federal and the Michigan constitutional provisions regarding search and seizure are not identical, our courts have consulted federal case authority in analyzing state constitutional questions. *People v Secrest,* 413 Mich 521, 524-525; 321 NW2d 368 (1982). Whether redaction is appropriate does not depend on whether this issue is approached under the federal or state constitutions, US Const, Am IV, or Const 1963, art 1, § 11, since the underlying protections that must be considered are the same under either provision.

The common focus in the cases that have accepted severance or redaction is on the validity of the warrant and the admissibility of evidence seized thereunder. Severance does not ratify the invalid portions of the warrant, but recognizes that we need not completely invalidate a warrant on the basis of issues that are not related to the evidence validly seized. Where items are validly seized, a defect in a severable portion of the war-

---

[1] While severance has not been addressed in Michigan, this Court has noted that evidence could be validly seized under one portion of the warrant, while other evidence was illegally seized under another portion. *People v Sundling,* 153 Mich App 277; 395 NW2d 308 (1986). However, the admissibility of the validly seized item was never addressed in *Sundling* because defendant was not charged with the crime related to that evidence.

rant should not be used to suppress the validly seized evidence.

By accepting the severance rule we are not unmindful of the potential for abuse noted by other courts. As noted in the often cited case of *Aday v Superior Court of Alameda Co,* 55 Cal 2d 789, 797; 13 Cal Rptr 415; 362 P2d 47 (1961):

> We recognize the danger that warrants might be obtained which are essentially general in character but as to minor items meet the requirement of particularity, and that wholesale seizures might be made under them, in the expectation that the seizure would in any event be upheld as to the property specified. Such an abuse of the warrant procedure, of course, could not be tolerated.

In reviewing the warrant, the trial court should be sensitive to any indication that the valid clauses were merely a pretext to support an otherwise unlawful search and seizure. *United States v Cook,* 657 F2d 730, 735, n 6 (CA 5, 1981). If the overall tenor of the warrant or search smacks of a general warrant or, if there appears to be an abuse of the prospective availability of redaction, then the entire search and seizure may be treated as a single illegality. *Christine, supra,* p 759; *State v Kealoha,* 62 Haw 166; 613 P2d 645 (1980).

In accepting the severance rule, we focus the trial court's scrutiny on the validity of the warrant, the search and the seizure. If the totality of the circumstances indicates that sufficient portions of the warrant can be upheld as valid then the evidence seized under those portions is admissible.

In remanding this case we note that, since there was no precedent for severance or redaction in Michigan, the trial court understandably chose to suppress all of the evidence instead of only those items seized under the invalid portion of the war-

rant. Based on the court's comments regarding the validity of portions of the warrant concerning the search for marijuana, it appears this is an appropriate case for severance. However, since severance was not considered, we decline to assume that the record on this issue is complete or to view the comments of the court regarding the validity of the marijuana seized as binding on the court. On remand, the court's task will be to determine which phrases and clauses are valid and which must be struck for lack of probable cause or generality. If valid portions of the warrant remain to justify the seizure of the evidence in question, it need not be suppressed.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.