## PEOPLE v MELOTIK

Docket No. 174353. Submitted June 20, 1996, at Lansing. Decided January 21, 1997, at 9:25 A.M. Leave to appeal denied, 454 Mich 900.

Eric J. Melotik was charged in the 52-1 District Court with one count of discharge of a firearm in or at a building and one count of possession of a firearm during the commission of a felony. Following an investigation of a series of shooting incidents, a police officer swore out an affidavit in support of a search warrant for the premises at which the defendant resided, averring that probable cause to issue a search warrant had been shown by the fact that the shootings had been made with weapons of types owned by the defendant and his father, by the fact that a citizen had informed the police that the defendant had stated that he had engaged in similar shootings before, and by reason of the observation of the defendant's activities by the police. The magistrate issued a warrant authorizing the police to search the defendant's place of residence for a specified type of firearm and ammunition. The police did not execute that warrant, but rather continued their investigation and surveillance of the defendant. Two days after issuance of the search warrant, the defendant was observed breaking into a shed, was arrested for attempted breaking and entering, and was questioned by the police. The defendant admitted that he had committed the shootings and a series of break-ins. The police officer swore out a new affidavit that incorporated the averments of the prior affidavit, but added further averments based on the defendant's statement to the police. A new search warrant identical to the first except that it permitted the police to search for a specific weapon and for items taken in the break-ins was issued by a magistrate. The police thereafter conducted a search pursuant to the warrant and seized certain items. A series of proceedings relating not only to the charges at issue but also to other charges were held in both the district court and the circuit court. During those proceedings, there was a determination that the defendant's statement to the police was inadmissible at trial. At the preliminary examination of the charges at issue, the court, Harold M. Bulgarelli, J., ruled that the second search warrant was invalid because it was based on the defendant's inadmissible statement, that the evidence seized at the defendant's place of residence pursuant to the invalid search warrant would be

suppressed, and, that, because the prosecutor admitted that he had no other evidence, the charges against the defendant would be dismissed. The prosecutor's delayed application for leave to appeal was denied by the Oakland Circuit Court, Jessica R. Cooper, J. The prosecutor appealed by leave granted.

The Court of Appeals *held*:

1. The record does not support the prosecutor's assertion that the circuit court denied the prosecutor's delayed application for leave to appeal on the basis of the mistaken belief that the prosecutor had to establish that there were nonculpable reasons for the delay. Although the circuit court did express a concern about the reasons for the delay, it clearly stated that the reason for its denial was based on a finding of a lack of merit to the prosecutor's claims.

2. It is unclear from the record whether the defendant's statement was declared to be inadmissible because of the failure to inform the defendant of his rights or because of the failure to stop questioning when the defendant requested an attorney. However, for the purpose of analysis, it is assumed that the defendant's statement was obtained in violation of a constitutional right.

3. Where, as here, a search warrant is based partially on tainted information and partially on untainted information arising from independent sources, evidence seized pursuant to the warrant is admissible if the lawfully obtained information would have established probable cause and would have justified the issuance of a search warrant without reference to the tainted information. Accordingly, the district court erred in failing to consider whether the facts obtained by the police up to the time the first warrant was issued constituted probable cause to justify the issuance of the second warrant apart from the tainted information from the defendant's inadmissible statement. On remand, the district court must consider whether the facts contained in the second affidavit that came from sources other than the defendant's inadmissible statement established probable cause to issue the second warrant. If the district court concludes that there was probable cause to issue the second warrant without relying on matters solely established by the defendant's statement, it must admit the evidence seized pursuant to the warrant and continue the preliminary examination.

Reversed and remanded.

SEARCHES AND SEIZURES — SEARCH WARRANTS — REDACTION — EVIDENCE.

Evidence seized pursuant to a search warrant that was secured partially on the basis of tainted information and partially on the basis of lawfully obtained information from independent sources is

admissible if, after redaction of the tainted information, the law-fully obtained information would have established probable cause and would have justified issuance of a search warrant encompass-ing the seized evidence.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prose-cuting Attorney, *Joyce F. Todd,* Chief, Appellate Divi-sion, and *John S. Pallas,* Assistant Prosecuting Attor-ney, for the people.

*Stuart L. Young,* for the defendant.

Before: SMOLENSKI, P.J., and HOLBROOK, JR., and F. D. BROUILLETTE*, JJ.

SMOLENSKI, P.J. The prosecutor appeals by leave granted from the circuit court's denial of his delayed application for leave to appeal the district court's order dismissing the charges[1] filed in this case against defendant. We reverse and remand.

This case arises out of a series of shooting inci-dents, including school bus shootings, that occurred in the area of the residence of defendant's parent. Defendant lived at this residence when not attending college. The police conducted an investigation and traced the likely origin of the shots to this residence. On April 23, 1993, Lieutenant Dale Mallett of the Milford Police Department swore out a fourteen-page

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Although the parties' briefs on appeal and the pleadings filed in the record below indicate that defendant was charged with "discharge of a firearm in or at a building, MCL 750.234; MSA 28.431," and possession of a firearm during the commission of a felony, MCL 750.27b; MSA 28.424(2), we note that MCL 750.234; MSA 28.431 is the misdemeanor offense of dis-charge of a firearm aimed at another intentionally but without malice. In all likelihood, the intended statutory reference was MCL 750.234(b); MCL 28.431(2). However, the apparent error does not effect our analysis.

affidavit detailing facts in paragraphs A through HH concerning: (1) the shooting incidents, which the police believed to have been perpetrated with either a pellet gun or a .22 caliber weapon on the basis of the type of damage caused by the shootings and the recovery of .22 caliber slugs; (2) the police contacts with defendant, who indicated that he owned a pellet air rifle, and defendant's father, who indicated that he owned a .22 caliber rifle; (3) a statement by a named citizen who informed the police that defendant had previously stated that he had shot at school buses before; and (4) observations of defendant's activities by the police. That same day, a magistrate issued a warrant authorizing the police to search defendant's residence for .22 caliber firearms and .22 caliber ammunition. The validity of this affidavit and warrant is not challenged on appeal.

The police did not execute the April 23 warrant and conduct a search of defendant's residence, but, instead, resolved to continue their investigation and surveillance of defendant and his residence. On April 25, 1993, the police observed defendant attempting to break into a shed located near defendant's residence. The police immediately arrested defendant for attempted breaking and entering. Lieutenant Mallett thereafter questioned defendant, who admitted not only being the shooter in the shooting incidents, but also committing several other breakings and enterings. Lieutenant Mallett then swore out a second affidavit that was identical to the first affidavit in paragraphs A through FF, and added paragraphs GG through OO detailing the facts of defendant's statement. The magistrate issued a second search warrant for defendant's residence on April 25, 1993, that was

identical to the first warrant except that it additionally authorized the police to search for the specific .22 caliber gun defendant had admitted using in the shootings, as well as items defendant had admitting taking during the breakings and enterings. The police conducted a search of defendant's residence. The record does not indicate the nature of the items seized from defendant's residence. However, defendant was thereafter charged in this case with one of the shooting incidents. In separate proceedings, defendant was also charged with other offenses arising out of the other shooting incidents and the breakings and enterings.

Although the record is not entirely clear in this regard, defendant was apparently bound over to the circuit court in this case as well as the other related cases. A hearing was subsequently held either in this case or one of the other related cases, following which the circuit court ruled that defendant's statement would not be admissible at trial. Defendant thereafter moved to dismiss this case, as well as several of the other related cases, on the ground that his inadmissible statement was the only evidence that had been presented at his preliminary examination to establish probable cause that he committed the offenses. The circuit court granted defendant's motion to dismiss.

The charges in this case were subsequently reinstated. A preliminary hearing was held, at which evidence was presented that a shooting incident involving a weapon using .22 caliber ammunition had occurred in the area of defendant's residence. When the prosecutor moved for admission of the two warrants, defense counsel objected, arguing that the April

25 warrant was based upon defendant's inadmissible statement, and that, therefore, the warrant should be suppressed as well as anything flowing from the warrant under the fruit of the poisonous tree doctrine enunciated in *Wong Sun v United States*, 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963). The prosecutor agreed that defendant's statement had been ruled inadmissible, but argued in reliance on *People v Kolniak*, 175 Mich App 16; 437 NW2d 280 (1989), that the district court could strike the portion of the second affidavit containing defendant's inadmissible statement and look at the remaining portions of the affidavit to determine whether probable cause existed to support the second warrant.

The district court declared that it was unable to determine whether the evidence seized was obtained because of defendant's inadmissible statement or because of the other statements contained in the affidavit. The district court ruled that the April 25 warrant was invalid on its face because of defendant's inadmissible statement and ordered that any evidence seized as a result of that warrant be suppressed. When the prosecutor argued that the first warrant had also been executed[2] during the search of defendant's residence and was still admissible, the district court questioned how it could be determined what evidence was seized pursuant to the April 23 warrant and what evidence was seized pursuant to the April

---

[2] In his brief on appeal, defendant asserts that the first warrant was not executed by the police. We note that there is no evidence in the record to support the prosecutor's assertion at the second preliminary examination that the police executed both warrants when they searched defendant's residence. However, we further note that the prosecutor offered to submit evidence on this point but was precluded from doing so by the district court.

warrant. The district court stated that common sense would indicate that "if you get a second search warrant and you execute on it, then you didn't execute on the first one because you would have done it to begin with. You exe—you went and got the second one and executed it because now you thought that was your search warrant." The district court concluded that it was suppressing any evidence obtained "on the search warrants." When the prosecutor indicated that he did not have any more evidence to present, defense counsel moved to dismiss the case on the ground that there was no probable cause to bind defendant over for trial. The district court dismissed the case against defendant. The circuit court subsequently denied the prosecutor's delayed application for leave to appeal.

The prosecutor first argues that the circuit court abused its discretion in denying his delayed application for leave to appeal because it placed undue weight on the reasons for the delay in filing the application. The prosecutor contends that the court's comments indicate that it would only accept nonculpable reasons for the delay, whereas the law no longer requires that the explanation of the delay show nonculpable negligence. See, e.g., *People v Flowers*, 191 Mich App 169, 172; 477 NW2d 473 (1991). We disagree. While the record indicates that the circuit court was not satisfied with the reasons given for the delay and verbalized its disappointment, the court did not deny the prosecutor's delayed application on the basis of the delay and did not require nonculpable negligence. The court clearly stated that the reason for its denial was based on the lack of merit to the

prosecutor's claim. Accordingly, we find no abuse of discretion. *Id.*

Next, the prosecutor argues that the district court erred as a matter of law in dismissing the charges against defendant. Specifically, the prosecutor contends that the district court erred in finding that the search warrants were invalid and that the evidence obtained through the execution of the warrants must be suppressed. The prosecutor contends that the district court should have followed the procedure outlined in *Kolniak* and redacted the references to defendant's statement in the second affidavit supporting the second warrant and determined whether the remaining facts were sufficient to establish probable cause to search defendant's residence.

We must first define the scope of our review of this issue. Generally, a defendant must be bound over for trial if evidence is presented at the preliminary examination that a crime has been committed and there is probable cause to believe that the defendant was the perpetrator. *People v Tower*, 215 Mich App 318, 320; 544 NW2d 752 (1996). Our interpretation of the record is that the district court dismissed the charges against defendant on the ground that there was insufficient evidence presented to establish probable cause to believe that defendant was the perpetrator of the crimes charged in this case. Generally, this Court reviews such a determination by a district court for an abuse of discretion. *People v Neal*, 201 Mich App 650, 654; 506 NW2d 618 (1993). However, the district court's implicit finding of insufficient evidence was based on its ruling that evidence of the search warrant, the affidavit containing references to defendant's inadmissible statement, and any fruits flowing from

the execution of the warrant must be suppressed. This ruling, in turn, was based on the district court's refusal to consider whether the facts stated in the affidavit supporting the second warrant apart from those resulting from defendant's statement established probable cause to search defendant's residence. We thus limit our review to this action by the district court.

A trial court's decision following a suppression hearing generally will not be reversed unless it is clearly erroneous. *People v Houstina*, 216 Mich App 70, 73; 549 NW2d 11 (1996). However, if the facts are not disputed, the trial court's application of a constitutional standard is not entitled to the same deference as the court's factual findings. *People v Nelson*, 443 Mich 626, 631, n 7; 505 NW2d 266 (1993); *Houstina, supra*. This Court reviews questions of law de novo. *Id.*; *People v Connor*, 209 Mich App 419, 423; 531 NW2d 734 (1995).

We initially note that the basis for the determination that defendant's statement was inadmissible is not at all clear from the record. There is no complaint of a violation of the Fourth Amendment. The affidavit in support of the second search warrant asserts that defendant was advised of and waived his rights pursuant to *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), before he made a statement. However, at the circuit court hearing concerning the delayed application for leave to appeal, the prosecutor indicated that the statement had been ruled inadmissible because it had been obtained in violation of *Miranda*. In *United States v Patterson*, 812 F2d 1188, 1193 (CA 9, 1987), the Ninth Circuit Court of Appeals held that a voluntary statement

given by the defendant to a secret service agent before the defendant was advised of his *Miranda* rights could be used in an affidavit for a search warrant to establish probable cause. The court explained as follows:

> Patterson's statements were elicited even though Patterson was not advised of his *Miranda* rights. *Miranda* violations do not abridge the Fifth Amendment constitutional privilege against self-incrimination, but instead involve prophylactic standards laid down to safeguard that privilege. Statements obtained in violation of *Miranda* may not be admitted against the accused, at least in the prosecution's case in chief. "But the *Miranda* presumption, though irrebuttable for purposes of the prosecution's case in chief, does not require that the statements and their fruits be discarded as inherently tainted." The *Wong Sun* "fruits of the poisonous tree" doctrine does not control where there is no constitutional violation. [*Id.* (citations omitted).]

See also *People v Kusowski,* 403 Mich 653; 272 NW2d 503 (1978), in which our Supreme Court held that third-party testimony discovered as a result of a *Miranda* violation need not be suppressed. The Court explained that a *Miranda* violation does not necessarily involve the violation of the constitution, and, thus, the fruit of the poisonous tree doctrine enunciated in *Wong Sun* is not controlling where a *Miranda* violation is involved.

However, at the same hearing in this case, the circuit court, which apparently was the same court that had initially ruled defendant's statement inadmissible, distinguished the prosecutor's reliance on *Kolniak* as not concerning violations of "Sixth Amendment or Fifth Amendment rights." Defendant, in his brief on appeal to this Court, contends that his statement was ruled inadmissible because he had requested an attor-

ney while being interrogated by the police and that the police had disregarded his request and continued their questioning. Accordingly, because the record is not clear and because the prosecutor has failed to argue that the rule enunciated in *Patterson* is applicable to this case, we assume for the purpose of this analysis that defendant's statement was obtained in violation of a constitutional right.

However, we find the prosecutor's arguments on appeal persuasive. In *Kolniak*, this Court held that where a portion of an affidavit in support of a search warrant is valid and a portion is constitutionally invalid for lack of probable cause or generality, a court may sever the valid portions of the warrant and admit any evidence seized under those portions. This Court has recognized an analogous doctrine where false statements are included in an affidavit:

> [I]f false statements are made in an affidavit in support of a search warrant, evidence obtained pursuant to the warrant must be suppressed *if the false information was necessary to a finding of probable cause.* In order to prevail on a motion to suppress the evidence obtained pursuant to a search warrant procured with alleged false information, the defendant must show by a preponderance of the evidence that the affiant had knowingly and intentionally, or with reckless disregard for the truth, inserted false material into the affidavit *and that the false material was necessary to a finding of probable cause.* [*People v Stumpf*, 196 Mich App 218, 224; 492 NW2d 795 (1992), citing *Franks v Delaware*, 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978) (emphasis supplied).]

Even more on point is the prosecution's citation to the following general rule:

"[W]hen a search warrant is based partially on tainted evidence and partially on evidence arising from independent sources, '[i]f the lawfully obtained information amounts to probable cause and would have justified issuance of the warrant apart from the tainted information, the evidence seized pursuant to the warrant is admitted.'" [*United States v Shamaeizadeh*, 80 F3d 1131, 1136 (CA 6, 1996), quoting *United States v Smith*, 730 F2d 1052, 1056 (CA 6, 1984).]

This general rule is a corollary of the independent source rule, which is itself applicable not only in the context of Fourth Amendment violations, but also Fifth Amendment violations. *United States v Giordano*, 416 US 505, 555; 94 S Ct 1820; 40 L Ed 2d 341 (1974) (opinion of Powell, J.); *Shamaeizadeh, supra; People v Woodard*, 111 Mich App 528, 534; 314 NW2d 680 (1981); *People v Robinson*, 48 Mich App 253, 259-260; 210 NW2d 372 (1973). However, the Sixth Circuit Court of Appeals has appeared to apply a more stringent standard than the general rule. In *United States v Langley*, 466 F2d 27, 35 (CA 6, 1972), the court stated that "where such tainted information comprises more than a *very minor portion* of that found in an affidavit supporting a warrant to search, the warrant must be held invalid." This Court has adopted this statement. See *People v McKendrick*, 188 Mich App 128, 133-134; 468 NW2d 903 (1991). However, in *Langley, supra* at 35 the Sixth Circuit Court of Appeals held that the district court had not erred in denying a motion to suppress evidence seized pursuant to a warrant supported by an affidavit containing tainted information on the ground that "[t]he other information contained in the affidavit . . . certainly constituted probable cause to search Langley's dwelling." Thus, *Langley's* apparently more stringent stan-

dard has been explained as not contradicting the general rule. *Giordano, supra* at 556, n 6 (Powell, J.). We agree. *Langley* has also been explained as predating *Franks, supra,* and other Sixth Circuit Court of Appeals opinions that have followed the general rule. *United States v Gillenwaters,* 890 F2d 679, 682, n 4 (CA 4, 1989). Again, we agree. See *Shamaeizadeh, supra; United States v Smith,* 730 F2d 1052 (CA 6, 1984); *People v Kinney,* 638 F2d 941 (CA 6, 1981).[3]

In this case, the facts contained in the second affidavit were divided into two discreet categories, i.e., the facts discerned by the police during their investigation up to April 23 that prompted the police to apply for and obtain the first warrant issued in this case[4] and the facts of defendant's inadmissible statement. In light of the principles enunciated above, we conclude that the district court erred in failing to consider whether the facts obtained by the police up to April 23 constituted probable cause to justify issuance of the second warrant apart from the tainted facts of defendant's inadmissible statement. Accordingly, we reverse both the order of the circuit court denying the delayed appeal and the order of the district court dismissing the criminal charges here at issue and remand to the district court. On remand, the district court shall consider whether the facts contained in the second affidavit, after redaction of the facts aris-

---

[3] See also *United States v Nelson,* 459 F2d 884 (CA 6, 1972), which has been explained as requiring the suppression of evidence because the untainted allegations in an affidavit supporting a warrant did not constitute probable cause. *Giordano, supra; Gillenwaters, supra.*

[4] See *Murray v United States,* 487 US 533, 542, n 3; 108 S Ct 2529; 101 L Ed 2d 472 (1988) (to determine whether a warrant is independent of the illegality, one must ask whether the warrant would have been sought even if what actually happened had not occurred).

ing solely from defendant's inadmissible statement, established probable cause to issue the second warrant. Defendant may raise any relevant issues. If the district court concludes that the second warrant was supported by probable cause apart from defendant's statement, the district court shall admit the evidence seized pursuant to the warrant and continue the preliminary examination. We do not retain jurisdiction.

Reversed and remanded.