PEOPLE v CRAWFORD

Docket No. 143592. Submitted June 9, 1993, at Lansing. Decided September 13, 1993; approved for publication December 1, 1993, at 9:00 A.M.

Melinda A. Crawford was charged in the Ingham Circuit Court with possession with intent to deliver less than fifty grams of cocaine. The court, William E. Collette, J., dismissed the charge, ruling that the search of the defendant, which led to the discovery of the cocaine at the police station after her arrest for misdemeanors, was in violation of the interim bond statute, MCL 780.581; MSA 28.872(1), because the search was conducted before she was advised of her right to post bond. The prosecution appealed.

The Court of Appeals *held:*

A search incident to a lawful arrest, even where the search is conducted before the defendant is advised of the right to post bail, is not prohibited by the interim bond statute.

Reversed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Samuel R. Smith,* Chief Appellate Attorney, for the people.

*Garton & Vogt, P.C.* (by *Arthur A. Garton*), for the defendant.

Before: CONNOR, P.J., and GRIBBS and T. K. BOYLE,* JJ.

PER CURIAM. The prosecution appeals as of right from a circuit court order granting defendant's motion to suppress evidence and dismissing the charge against her for possession with intent to

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). We reverse.

Defendant was a passenger in a vehicle that was stopped by the police for speeding. While the officers were attempting to investigate several suspected misdemeanors and questioning the other occupants, defendant became hostile and belligerent. Defendant began yelling and swearing at the officers, refused to give her name, and refused to allow the male officers to pat her down for weapons. When defendant persisted in her abusive behavior, the police officers arrested her for interfering in a police investigation and for disorderly conduct, both of which are misdemeanors, and transported her to the police station.

Upon arrival at the police station, a female officer recognized defendant and told the arresting officer that defendant had been picked up about three weeks earlier and was found to have a gun and drugs hidden in her crotch. Defendant was immediately patted down by a female officer, who detected a hard substance in defendant's crotch. A strip search was then conducted, and drugs were found hidden between defendant's body and a sanitary pad.

Following a hearing, the circuit court dismissed the charges against defendant on the basis of the interim bond statute, MCL 780.581; MSA 28.872(1), because defendant was searched before she was advised of her right to post bond.

On appeal, the parties argue whether the search in this case was an inventory search or a search incident to an arrest. An inventory search of a defendant who could not have been incarcerated is not permissible. *People v Dixon*, 392 Mich 691; 222 NW2d 749 (1974). A search incident to a lawful arrest, however, even when conducted before a

defendant is advised of the right to post bail, is not prohibited under the interim bond statute. *People v Chapman,* 425 Mich 245; 387 NW2d 835 (1986); *People v Combs,* 160 Mich App 666; 408 NW2d 420 (1987).

We find the protective search for weapons to have been properly conducted in this case. Defendant does not dispute that police could lawfully have conducted the search for weapons at the scene. A search that could be made at the scene "may legally be conducted later when the accused arrives at the place of detention." *United States v Edwards,* 415 US 800, 803; 94 S Ct 1234; 39 L Ed 2d 771 (1974). Indeed, it would not be reasonable to require police to house an unsearched misdemeanor prisoner, known to have a history of carrying a concealed weapon, while waiting for her bond to be processed. The trial court erred in suppressing the evidence and dismissing the charge in this case.

Reversed.