PEOPLE v HOUSTINA

Docket No. 176600. Submitted February 6, 1996, at Lansing. Decided
March 26, 1996, at 9:00 A.M. Leave to appeal denied, 451 Mich ___.

Earl R. Houstina was charged in the Oakland Circuit Court with pos-
session with intent to deliver less than fifty grams of cocaine. The
court, Alice L. Gilbert, J., entered an order suppressing the evi-
dence and dismissing the charge after finding that the evidence
was seized in violation of the defendant's constitutional right to be
free from unreasonable searches and seizures. The defendant's coat
was searched by a court officer after the defendant was detained
on an outstanding bench warrant and was placed in a holding cell
while attempting to arrange payment of a bond. The people
appealed, claiming the search of the defendant's coat where the
cocaine was found was a valid search incident to an arrest and that
the search was justified as an inventory search.

The Court of Appeals held:

1. There is no basis for excluding the cocaine evidence under the
Michigan Constitution. Const 1963, art 1, § 11 is not to be con-
strued to bar evidence in any criminal proceeding regarding nar-
cotic drugs seized by a peace officer outside the curtilage of a
dwelling house.

2. The court officer in this case was acting as an agent of the
judge who had ordered the defendant held in custody on the basis
of an outstanding bench warrant until the defendant could post a
bond. The defendant's freedom of movement was restrained by the
court officer appropriately because the officer was acting pursuant
to a court order. The court was empowered to detain the defendant
until proper arrangements with regard to his bond were made. The
defendant was in custody because at the time of the detention he
was unable to post the bond; therefore, the search incident to his
detention was constitutionally permissible and fit within the excep-
tion to the warrant requirement pertaining to a search incident to
an arrest.

3. The search also qualifies as a valid inventory search, a recog-
nized exception to the warrant requirement. An inventory search of
a person in detention is constitutional if the underlying arrest was
valid and the search was conducted by the police in accordance

with standardized department procedures. Such a search does not require particularized fear by an officer to be justified. Here, the search occurred pursuant to a reasonable and standardized policy by the court, was valid, and did not violate the constitution.

4. The interim bond statute, MCL 780.581; MSA 28.872(1), does not preclude the execution of a valid inventory search. The trial court's order must be reversed, and the matter must be remanded for reinstatement of the charge of cocaine possession.

Reversed and remanded.

1. CONSTITUTIONAL LAW — EVIDENCE — NARCOTIC DRUGS — DUE PROCESS.

Const 1963, art 1, § 11 does not bar evidence in any criminal proceeding regarding narcotic drugs seized by a peace officer outside the curtilage of a dwelling house; a defendant from whom narcotic drugs are seized by a peace officer outside the curtilage of a dwelling house is not provided greater constitutional protection under art 1, § 11 than the protection provided by US Const, Am IV and the exclusionary rule derived from that amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment.

2. SEARCHES AND SEIZURES — SEARCHES INCIDENT TO ARREST — EXCEPTIONS TO WARRANT REQUIREMENT.

A search incident to an arrest is a recognized exception to the warrant requirement; the arrest must be lawful in order to establish the authority to search.

3. SEARCHES AND SEIZURES — INVENTORY SEARCHES — EXCEPTIONS TO WARRANT REQUIREMENT.

An inventory search without a warrant of a person in detention is constitutional if the underlying arrest is valid and the search is conducted by the police in accordance with standardized department procedures; such a search does not require particularized fear by a police officer in order to be justified.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Marilyn J. Day*, Assistant Prosecuting Attorney, for the people.

*Joseph P. Kierpiec*, for the defendant.

Before: TAYLOR, P.J., and MACKENZIE and M. J. TALBOT,* JJ.

TAYLOR, P.J. The people appeal as of right from a circuit court order suppressing evidence and dismissing a charge of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). We reverse and remand.

Defendant appeared as a civil litigant before the 51st District Court concerning a small-claims matter. The court officer, who had no police powers, became aware of a bench warrant for defendant's arrest. The bench warrant was based on defendant's failure to appear for a creditor's examination. The district court arraigned defendant on the bench warrant, set bond, and instructed the court officer to take defendant to the court's lockup until defendant could post the bond. Before placing defendant in the holding cell, the court officer asked defendant to remove his coat, which the court officer planned to give back to defendant once the court officer ascertained there were no personal belongings inside. While defendant sat in the cell and made telephone calls in an attempt to arrange his bond, the court officer searched the coat. The court officer found a plastic bag that contained six bags of cocaine in defendant's coat. In the subsequent criminal prosecution, the trial court suppressed this evidence, finding it was seized in violation of defendant's constitutional right to be free from unreasonable searches and seizures.[1]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The trial court's rejection of defendant's chain of custody argument and motion to quash is not at issue in this appeal.

On appeal, the prosecutor argues that the trial court erred in suppressing the evidence, claiming the search was a valid search incident to an arrest and also that it was justified as an inventory search. We agree.

A trial court's decision following a suppression hearing usually will not be reversed unless it is clearly erroneous. *People v Burrell*, 417 Mich 439, 448; 339 NW2d 403 (1983); *People v Armendarez*, 188 Mich App 61, 65; 468 NW2d 893 (1991). However, if the facts are not in dispute, as in this case, this Court need not give the same deference to the trial court's decision. *People v Nelson*, 443 Mich 626, 631, n 7; 505 NW2d 266 (1993). Further, this Court reviews constitutional issues de novo. *People v Torres*, 209 Mich App 651, 658; 531 NW2d 822 (1995).

The Fourth Amendment of the United States Constitution and its counterpart in the Michigan Constitution guarantee the right of persons to be secure against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Const 1963, art 1, § 11 provides:

> The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor

without probable cause, supported by oath or affirmation.
The provisions of this section shall not be construed to bar
from evidence in any criminal proceeding any narcotic drug
. . . seized by a peace officer outside the curtilage of any
dwelling house in this state.

This right to be secure against unreasonable searches and seizures absent a warrant based upon probable cause is subject to several specifically established and well-delineated exceptions. *People v Davis*, 442 Mich 1, 10; 497 NW2d 910 (1993), cert den 508 US 947 (1993). Generally, evidence obtained in violation of the Fourth Amendment is inadmissible as substantive evidence in criminal proceedings. *In re Forfeiture of $176,598*, 443 Mich 261, 265; 505 NW2d 201 (1993). Thus, in order to show that a search was legal, the police must show either that they had a warrant or that their conduct fell within one of the narrow, specific exceptions to the warrant requirement. *Davis, supra* at 10.

In the case at bar, there is no basis for excluding the cocaine under the Michigan Constitution because art 1, § 11 provides it shall not be construed to bar evidence in any criminal proceeding regarding narcotic drugs seized by a peace officer outside the curtilage of a dwelling house. Cocaine is considered a narcotic drug under this constitutional provision. *People v Bullock*, 440 Mich 15, 24, n 6; 485 NW2d 866 (1992). Therefore, any defendant from whom narcotic drugs are seized is provided no greater constitutional protection under art 1, § 11 than that provided by the Fourth Amendment, and the exclusionary rule derived from that amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment. *Mapp v Ohio*, 367 US 643; 81 S Ct 1684;

6 L Ed 2d 1081 (1961); *People v Nash*, 418 Mich 196; 341 NW2d 439 (1983).

One of the exceptions to the warrant requirement is a search incident to an arrest. *Chimel v California*, 395 US 752, 763; 89 S Ct 2034; 23 L Ed 2d 685 (1969). This exception is justified by the fact that, when a person is taken into official custody, it is reasonable to search for weapons, instruments of escape, and evidence of crime. *United States v Edwards*, 415 US 800, 802-803; 94 S Ct 1234; 39 L Ed 2d 771 (1974), citing *United States v Robinson*, 414 US 218, 235; 94 S Ct 467; 38 L Ed 2d 427 (1973). Undergirding this exception is the requirement that there must be a lawful arrest in order to establish the authority to search. *Id.*; *People v Crawford*, 202 Mich App 537, 538-539; 509 NW2d 519 (1993). The scope of the search must be strictly tied to, and justified by, the circumstances that rendered its initiation permissible. *United States v Fleming*, 677 F2d 602, 607 (CA 7, 1982), citing *New York v Belton*, 453 US 454, 457; 101 S Ct 2860; 69 L Ed 2d 768 (1981), citing *Chimel*, *supra* at 762. Further, in operation, this exception allows an arresting officer to search the area within the arrestee's immediate reach for weapons or evidence. *Id.* at 763. *United States v Brown*, 217 US App DC 79, 81; 671 F2d 585 (1982); *United States v Turner*, 926 F2d 883, 887 (CA 9, 1991), cert den 502 US 830 (1991). Such a search may occur at the place of arrest or at the place of detention and before the defendant is advised of the right to post bail. *Crawford*, *supra*, at 538-539. Also, if there was a valid detention, the fact that the defendant could have posted bond instead of being taken to the police station is immaterial. *Id.*

Defendant argues that a "civilian" bailiff/court officer does not have express authority to make an arrest on the basis of a bench warrant. It is argued that this is in contrast to the statutes that empower sworn police officers, deputy sheriffs, and constables to make such arrests. MCL 42.21b; MSA 5.46(21b), MCL 67.46a; MSA 5.1330(1), MCL 92.4a; MSA 5.1752(1), MCL 117.34a; MSA 5.2114(1). This position misses the principal-agent nature of the court officer's activities because it is from this relationship that the court officer's authority emanates. The court officer in this case was acting as an agent of the judge who had ordered defendant held in custody until a bond could be posted. The court officer simply did as directed just as his principal could have. His actions were not akin to those of a police officer, who acts at his own discretion, but were more akin to the actions of a corrections officer, who can detain a prisoner even if he does not have general arrest powers. Indeed, to hold otherwise would create the bizarre and unthinkable outcome that a person once ordered by a judge to be held on a bench warrant would be free to run away unless there were a sworn police officer present to make the "arrest" immediately. Here, defendant's freedom of movement was restrained by the court officer appropriately because he was acting pursuant to a court order.

Defendant next argues that the arrest was invalid because he was being held only until the bond could be posted. This position is without merit because the court was empowered to detain defendant until proper arrangements with regard to his bond were made. MCL 600.6078(2); MSA 27A.6078(2), MCL 600.6080; MSA 27A.6080, MCL 600.6082; MSA

27A.6082. Defendant does not dispute the fact that at the time of arraignment he could not post the bond and was told he could post it as is required by the interim bond statute, MCL 780.581; MSA 28.872(1). Indeed, this was why he was in the holding cell making telephone calls. Thus, since defendant was in custody because at the time of detention he was unable to post the bond, the search incident to his detention was constitutionally permissible, i.e., even though the court officer did not arrest defendant, but merely detained him pursuant to the court's order, the search fit within the "incident to arrest" exception to the warrant requirement.

The search in this case also qualifies as a valid inventory search, which is another recognized exception to the warrant requirement. *Illinois v Lafayette*, 462 US 640, 643; 103 S Ct 2605; 77 L Ed 2d 65 (1983). In *People v Toohey*, 438 Mich 265, 271-272, 278; 475 NW2d 16 (1991), the Court discussed this exception to the warrant requirement and outlined that an inventory search of a person in detention is constitutional if the underlying arrest was valid and the search was conducted by the police in accordance with standardized department procedures. *Id.*, at 279. *Lafayette* also points out, contrary to the trial court's understanding, that such a search does not require particularized fear by an officer to be justified. *Lafayette, supra* at 647. This is easily understood because such a search is considered to be an administrative function rather than a part of a criminal investigation. *Toohey, supra* at 271-272.

In this case, the court officer testified that it was the court's policy to remove all items from detainees and that this policy was imposed by the district

judges and applied uniformly. The rationale of this policy was, of course, traceable to institutional security concerns. The inventory search of defendant's coat helped ensure that contraband, or any implement that might be used as a weapon, could not be left in the holding cell or passed to other detainees. Accordingly, because the inventory search of defendant's jacket occurred pursuant to a reasonable and standardized policy, it was valid and passed constitutional muster. Finally, the interim bond statute does not preclude the execution of a valid inventory search. *People v Weston*, 161 Mich App 311, 313-315; 409 NW2d 819 (1987); *Crawford, supra.*

In summary, the search was valid as a search incident to arrest and as an inventory search pursuant to those exceptions to the warrant requirement. The trial court's conclusion to the contrary was therefore clearly erroneous.

Reversed and remanded for reinstatement of the cocaine possession charge. We do not retain jurisdiction.