656 N.W.2d 183 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Joshua Allen McDONALD, Defendant-Appellee.
People of the State of Michigan, Plaintiff-Appellant,
v.
Christopher McDonald, Defendant-Appellee.
Docket Nos. 122608, 122609, COA Nos. 233812, 234143.
Supreme Court of Michigan.
February 5, 2003.
On order of the Court, the application for leave to appeal from the October 4, 2002 decision of the Court of Appeals is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we REVERSE the October 4, 2002 judgment of the Court of Appeals and REMAND this matter to the Oakland Circuit Court for further proceedings for the reasons stated by the dissenting judge in the Court of Appeals.
We do not retain jurisdiction.
MARKMAN, J., concurs and states as follows:
I join the order reversing the judgment of the Court of Appeals because the Court of Appeals clearly erred, in my judgment, in affirming the circuit court's order suppressing the evidence. The search and seizure without a warrant was constitutionally permissible here pursuant to the "search incident to a lawful arrest" exception. As the United States Supreme Court has explained:
[A] lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area. Such searches have long been considered valid because of the need "to remove any weapons that [the arrestee] might seek to use in order to resist arrest or effect his escape" and the need to prevent the concealment or destruction of evidence. [New York v. Belton, 453 U.S. 454, 457, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) (citations omitted).]
In Belton, the police searched a jacket that was located in the back seat of a vehicle in which the defendant had been a passenger just before his arrest. The United States Supreme Court held that the jacket was "within the arrestee's immediate control," and thus subject to a search incident to a lawful arrest. Id. at 462, 101 S.Ct. 2860.
In the instant case, the police searched a jacket that was located about three feet from the arrestee, at which time the police had reason to believe that a gun was located in the room. Accordingly, the jacket was within the area into which the arrestee might reasonably have reached in order to seize a weapon or destroy evidence. That is, the jacket was "within the arrestee's immediate control." Therefore, the search of the jacket was a search incident to a lawful arrest, and thus, constitutionally permissible.[1]
*184 MARILYN J. KELLY, J., dissents and states as follows:
I would deny leave to appeal because the Court of Appeals did not err in affirming the circuit court's decision to suppress the evidence in question.
This case involves the reasonableness of the search of a jacket belonging to defendant Christopher McDonald. On December 16, 1999, a breaking and entering was reported to the Michigan State Police. The complainant stated that his gun had been stolen and that he suspected defendants were among the three perpetrators.
Officers learned that the suspects were staying at a residence in the village of Holly. They discovered, also, that an arrest warrant was outstanding for one of them, Joshua McDonald, because he had escaped from the Children's Village in Oakland County.
At the Holly residence, the officers found the three suspects asleep in a living room, their jackets hanging nearby. They arrested Joshua on the warrant, then searched the entire room and all three jackets. In the jacket belonging to Christopher, they discovered a brick of marijuana. Both Joshua and Christopher were arrested and charged with possession with intent to deliver.
At trial, the circuit court suppressed the marijuana evidence, saying:
It's noteworthy to this Court that in spite of the trooper indicating that the purpose of ... looking at the jackets [was] so that he could get a jacket for Joshua to wear after arresting him, even though the marijuana brick wasn't in that jacket, he didn't give him a jacket to wear anyway.

* * *
I would have found that it was incident to the arrest if he had asked Josh McDonald which is your jacket and then searched that jacket before he gave it to him, ... since he would have been giving him the jacket, that that would have been appropriate for him to check it out, but that's not what happened here.
What I find is that the officers went into the premises, basically did a general search, wasn't incident to the arrest, they had no warrant....
The Court of Appeals affirmed the ruling. Judge Griffin dissented on the basis that, because the jackets were within the immediate control of Joshua, the search was a reasonable incident of arrest.
Although a search incident to a lawful arrest is presumptively reasonable, that presumption is not unassailable. Even when considering the exceptions to the warrant requirement, the central inquiry is one of reasonableness. Illinois v. McArthur, 531 U.S. 326, 330, 121 S.Ct. 946, 148 L.Ed.2d 838 (2001). When reviewing such a search, a court puts itself in the place of the arresting officers and determines whether the area searched was within the suspect's immediate control. United States v. Fleming, 677 F.2d 602, 607 (C.A.7, 1982). If it was, the court then determines whether the search was unreasonable. The reasonableness factor requires a test that comports with safe and sensible police practices. Id.
The exception to the warrant requirement for searches incident to arrest is a limited privilege that "grows out of the inherent necessities of the situation at the time of the arrest." Chimel v. California, 395 U.S. 752, 759, 89 S.Ct. 2034, 23 *185 L.Ed.2d 685 (1969), quoting Trupiano v. United States, 334 U.S. 699, 708, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948). Because the right to be free from unreasonable searches and seizures is a personal one, "the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have." New York v. Belton, 453 U.S. 454, 461, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).[2] Accordingly, "[t]he scope of the search must be `strictly tied to and justified by' the circumstances which rendered its initiation permissible." Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
Here, the prosecutor does not dispute that the police officers lacked probable cause to arrest Christopher. Consequently, the police lacked any justification for infringing Christopher's interest in preserving the privacy of his personal effects. Neither the prosecutor nor the Court of Appeals dissent addressed this issue. Instead, they focused on the validity of the search as it related to Joshua. However, the search of Christopher's jacket cannot be justified by the fact that Joshua was arrested. If the police had probable cause to search Christopher's jacket, they could have sought a search warrant.
The trial court concluded that the facts reveal that the search was merely a pretext for gathering evidence of the earlier breaking and entering. Reviewing de novo that finding, this Court concludes that the search was reasonable, not pretextual. I agree with both lower courts. The Court of Appeals did not err in affirming the trial court's decision not to admit evidence seized in violation of defendant's state and federal protections against unreasonable searches and seizures. U.S. Const., Amends. IV, XIV; Const. 1963, art. 1, § 11.
MICHAEL F. CAVANAGH, J., concurs with the statement of MARILYN J. KELLY, J.
NOTES
[1] The dissent focuses on the fact that the jacket belonged to someone other than the arrestee in reaching its conclusion that the search was unconstitutional. However, in conducting a search incident to a lawful arrest, the police can search items that are "within the arrestee's immediate control," not just items belonging to the arrestee that are within such control. To require the police to determine the ownership of all the items within an arrestee's immediate control and then to permit the police to search only those items owned by the arrestee would altogether defeat the purposes behind the "search incident to a lawful arrest" exception, which is to protect the police from weapons and to prevent the destruction of evidence.
[2] The concurrence's reliance on Belton for the proposition that a jacket that is within the reach of the person arrested is always subject to search is not well-founded. Review of that and other "jacket" cases reveals that in each case the jacket searched belonged to the arrestee. See, e.g., United States v. Cotnam, 88 F.3d 487 (C.A.7, 1996); People v. Houstina, 216 Mich.App. 70, 549 N.W.2d 11 (1996). Thus, those cases are unremarkable and distinguishable from this case. Here the police are trying to use the exception for searches incident to arrest to overcome not the arrestee's privacy interest, but that of a third party.