# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ERIC FEARS MILT,

        Defendant-Appellant.

UNPUBLISHED
June 28, 2016

No. 325836
Oakland Circuit Court
LC No. 2010-234718-FH

---

Before: METER, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial convictions of possession with intent to deliver 50 grams or more but less than 450 grams of a controlled substance, MCL 333.7401(2)(a)(*iii*), and possession with intent to deliver less than 50 grams of a controlled substance, MCL 333.7401(2)(a)(*iv*). The trial court sentenced defendant to 10 to 40 years' imprisonment and 2 to 40 years' imprisonment, respectively. We affirm.

This case arose from the discovery of narcotics in defendant's vehicle during a traffic stop conducted for the purpose of investigating a stolen vehicle. Southfield police officers had received information regarding a stolen Mercedes Benz in the parking lot of the Park Place Apartment Complex and set up surveillance of the stolen vehicle. Shortly thereafter, they observed an individual, later identified as defendant, parking his own vehicle next to the stolen vehicle, exiting his own vehicle, and entering the stolen Mercedes Benz. The officers observed defendant as he remained inside the stolen vehicle for "[a] short time" before exiting and walking in the direction of the apartments. The officers continued with surveillance until defendant left the apartment sometime later, reentered his own vehicle, and started to drive away. As defendant attempted to leave the apartment complex, the officers conducted a traffic stop of his vehicle.

The police officers recovered 17 grams of cocaine from defendant's vehicle during the traffic stop. After defendant was arrested and booked, the police also searched defendant's person and discovered two rocks of crack cocaine in his clothing. Detective P. Kinal of the Southfield Police Department prepared an affidavit requesting a warrant to search defendant's apartment at 22951 Park Place Drive for, among other things, "[r]ecords, books, receipts, notes, ledgers, personal diaries, telephone and address books, supplier and customer lists, and other

papers pertaining to the transportation, ordering, purchase and distribution of controlled substances . . . ." In pertinent part, the affidavit read:

(D)   That on 10/26/10 at around 5:05 pm members of the Southfield Police Tactical Crime Suppression Unit (TCSU) received information from Mercedes Benz that a confirmed stolen vehicle was parked at the Park Lane Apartments.

(1)   Officer Kerr, a member of Southfield Police TCSU, located the vehicle . . . parked in close proximity to 22951 Park Place Dr.

(2)   Officer Kerr observed a gold Saturn Aura park next to the stolen Mercedes Benz at which point the driver of the Saturn, described as a black male in his 30's[,] 5'10 with a stocky build wearing tan pants with a brown hoodie and black doo rag, unlocked and entered the stolen Mercedes Benz S550.

(3)   Officer Kerr then watched as the male locked the Mercedes and walk [sic] in the direction of 22951 Park Place Dr.

(4)   Approximately an hour later, members of TCSU observed the same black male . . . enter the Saturn and drive away.

(5)   Southfield Officers Losh and Schneider of TCSU stopped the vehicle and made contact with the driver who identified himself as [defendant] via a Michigan Driver's license.

(6)   [Defendant] was found in possession of 17.8 grams of suspected crack cocaine (packaged individually in separate packages) and keys to the stolen Mercedes Benz . . . .

(7)   [Defendant] advised Officers Losh and Schneider that he resided at 22951  Park Place Dr[.] with his 16yr [sic] old daughter.

(8)   Southfield Officer McCormick of TCSU made [sic] 22951 Park Place Dr[.] and made contact with a female who identified herself as Teneca Kaperce Milt who advised that she and her father, [defendant], were the only people that resided at 22951 Park Place Dr.

(9)   [Defendant] was searched by Southfield Jail staff and 10.6 more grams of additional crack cocaine was located on his person.

* * *

(E)  That based upon Affiant's education, training, and experience, he knows the following:

(1) That persons involved in the trafficking of controlled substances often maintain instrumentalities and evidence of trafficking at their place of residence.

* * *

(3) That persons trafficking in controlled substances often record their transactions or otherwise document their narcotics trafficking activities in; including but not limited to records, books, receipts, notes, ledgers, personal diaries, telephone and address books, supplier and customer lists, documents, videotapes, and/or computer disks.

An Oakland County magistrate signed the warrant, authorizing the search as requested, and the officers proceeded to execute the search warrant. During the search, officers discovered 235.6 grams of cocaine in defendant's apartment.

Defendant first argues that the cocaine discovered in his vehicle and on his person should have been suppressed because the officers lacked probable cause to conduct a search of defendant's vehicle. We disagree.

Defendant failed to preserve this issue by making a pretrial motion to suppress the evidence. *People v Gentner, Inc*, 262 Mich App 363, 368-369; 686 NW2d 752 (2004). This Court reviews unpreserved constitutional issues for plain error. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). A plain error is one that was "clear or obvious," and, to justify relief, the error must have affected the defendant's "substantial rights." *Id*. at 763. This generally requires a showing of prejudice. *Id*. In addition, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of defendant's innocence." *Id*. at 763–764 (citations and quotation marks omitted).

"The Fourth Amendment protects people from unreasonable searches and seizures." *People v Frohriep*, 247 Mich App 692, 699; 637 NW2d 562 (2001); US Const, Am IV. However, a custodial arrest of a suspect based on probable cause is considered reasonable under the Fourth Amendment when the arresting officer possesses information demonstrating probable cause to believe that an offense has occurred and that the defendant committed it. *People v Champion*, 452 Mich 92, 115; 549 NW2d 849 (1996). "Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Id*.

Although, generally, warrantless searches are unreasonable under the Fourth Amendment, *People v Beuschlein*, 245 Mich App 744, 749; 630 NW2d 921 (2001), a warrantless search may be reasonable if law enforcement has probable cause for the search and an exception to the warrant requirement applies, *People v Brzezinski*, 243 Mich App 431, 433; 622 NW2d 528 (2000). Exceptions to the warrant requirement include searches incident to a lawful arrest and certain automobile searches. *People v Slaughter*, 489 Mich 302, 311; 803 NW2d 171 (2011). Inventory searches are also recognized exceptions to the warrant requirement. *Id*. With regard

to motor vehicles, an exception allows a police officer to perform a warrantless traffic stop on the basis of probable cause that a law was being violated. See *People v Davis*, 250 Mich App 357, 363; 649 NW2d 94 (2002).

Although defendant concedes that the officers legitimately held a reasonable suspicion of criminal activity when they conducted a traffic stop of defendant's vehicle, he argues that they did not thereafter obtain evidence to establish probable cause for arrest. Defendant mischaracterizes the context of the officers' traffic stop in this situation. Contrary to defendant's assertions, the police officers were not conducting a traffic stop in order to further investigate the possibility that a crime had been committed. Rather, the officers knew that the Mercedes Benz defendant had accessed was stolen, and they had seen defendant exiting the stolen vehicle before entering his own vehicle and attempting to drive away. Possessing a stolen vehicle is a felony. MCL 750.535. The officers conducted a traffic stop of defendant's vehicle for the purpose of arresting defendant for possession of a stolen vehicle, and there was no need for them to seek additional evidence to support their arrest at any point thereafter. Thus, although the officers had to stop defendant's vehicle and remove him in order to place him under arrest, they were not relying on the "traffic stop" exception to the warrant requirement and nothing more was required to legitimize the arrest.

Defendant argues that, even if the police officers had probable cause to believe that he possessed the stolen vehicle, defendant's subsequent explanation that the vehicle was not stolen and that he had permission to borrow it dissipated probable cause and the police, thereafter, had a duty to conduct a more thorough investigation before arresting him. On this record, there is no evidence to support defendant's factual assertions. It is unclear whether defendant, in fact, had permission to use the vehicle, whether he explained this to the police, or whether the police failed to conduct any further investigation. On appeal, defendant offers only a self-serving affidavit explaining that "[w]hen the police stopped [him] on October 26, 2010, [he] explained to them that [he] had permission to use the allegedly stolen Mercedes Benz," and that "there was a traffic citation issued to [him] from August 2010 in the vehicle and that [he] had been using it with permission for at least two months." A party may not enlarge the record on appeal. MCR 7.210(A)(1); *People v Williams*, 241 Mich App 519, 524 n 1; 616 NW2d 710 (2000). Defendant's affidavit is not part of the lower court record, and this Court therefore need not consider it. *People v Eccles*, 260 Mich App 379, 384 n 4; 677 NW2d 76 (2004). Even if this Court considers the affidavit, defendant's allegations would not negate the probable cause supporting his warrantless arrest. " 'Once established, probable cause to arrest, which is concerned with historical facts, is likely to continue indefinitely, absent the discovery of contrary facts.' " *People v Nguyen*, 305 Mich App 740, 755; 854 NW2d 223 (2014), quoting *People v Russo*, 439 Mich 584, 605; 487 NW2d 698 (1992). We do not agree that a defendant may simply claim that the police have the facts wrong when he is arrested and thereby "dissipate" probable cause. Probable cause existed at the time of defendant's arrest, and while defendant's claim to have permission to drive the stolen vehicle might have prompted additional investigation in order to establish the legitimacy of this "contrary fact," it was not itself a contrary fact to dissipate probable cause in that moment.

Defendant also argues that the police officers lacked probable cause to arrest him because the Mercedes Benz was never determined to be actually stolen. Defendant presents no evidence to support this argument. In any case, probable cause must be determined at the time of arrest,

and any subsequent evidence indicating that the vehicle was not actually stolen would be irrelevant to this Court's consideration of the warrantless arrest. See *Nguyen*, 305 Mich App at 751-752. Defendant's argument also lacks merit because defendant was convicted after he stipulated to the fact that he had been "arrested and searched" as a result of entering "a stolen vehicle." Stipulations of fact are binding on a court. *People v Metamora Water Service, Inc*, 276 Mich App 376, 385; 741 NW2d 61 (2007). Defendant therefore cannot dispute that the vehicle was stolen. In light of the stipulation, this Court need not consider whether the reliability of the source of the information indicating that the Mercedes Benz was stolen affected the probable cause analysis in this case. The arresting officers had probable cause to believe that defendant was engaged in the commission of a felony and the warrantless arrest and seizure of his vehicle were therefore valid.

Although the police officers had probable cause to arrest defendant, this probable cause did not automatically support the warrantless search of defendant's vehicle. On this record, this Court cannot find that the police officers could see the cocaine as they arrested defendant and that the plain view exception therefore applied. Further, police may "search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search" or it is reasonable to believe the vehicle contains evidence of the offense of arrest. *People v Short*, 289 Mich App 538, 542-543; 797 NW2d 665 (2010) (citations and quotation marks omitted). The lower court record does not contain evidence indicating whether defendant was within reaching distance of the vehicle's passenger compartment during the search or whether the police suspected additional evidence of defendant's possession of a stolen vehicle would be found inside defendant's personal vehicle. However, it is unnecessary to determine whether the police officers' search of defendant's vehicle was proper because, even giving full benefit of the doubt to defendant, the cocaine would have inevitably been discovered during an inventory search subsequent to defendant's arrest.

The inevitable discovery exception permits admission of otherwise tainted evidence when the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been revealed in the absence of police misconduct. *People v Hyde*, 285 Mich App 428, 439; 775 NW2d 833 (2009). Under the inventory exception to the warrant requirement, the police may conduct an inventory search of a vehicle that is being impounded following the driver's arrest. *People v Toohey*, 438 Mich 265, 271-272; 475 NW2d 16 (1991). An inventory search is constitutional "if the underlying arrest was valid and the search was conducted by the police in accordance with standardized department procedures." *People v Houstina*, 216 Mich App 70, 77; 549 NW2d 11 (1996). In this case, the inventory search exception applied and would have resulted in the discovery of the cocaine. Defendant's arrest for possession of a stolen vehicle was valid. Because defendant was the vehicle's only occupant, defendant's vehicle was lawfully impounded. See, e.g., *People v Poole*, 199 Mich App 261, 265; 501 NW2d 265 (1993). At any rate, and significantly, defendant has not disputed that the police lawfully impounded his vehicle or conducted an inventory search pursuant to standardized department procedures. The inevitable discovery doctrine therefore operates to render the evidence admissible despite the lack of facts to support the constitutionality of the vehicle search. Additionally, the inevitable discovery doctrine renders defendant unable to prove that he suffered prejudice as a result of an unconstitutional search of his vehicle, as necessary for reversal under the plain error standard of review.

Defendant's claim that the warrantless search of his person incident to arrest violated his rights under the Fourth Amendment also fails. As previously discussed, searches incident to a lawful arrest are exceptions to the warrant requirement. *Nguyen*, 305 Mich App at 756. A search incident to arrest may occur immediately before the arrest, at the place of arrest, or at the place of detention. *Id*. at 757. Thus, whether defendant was searched at the scene of the traffic stop or upon booking at the jail made no difference. Further, the search of defendant's person upon detention was constitutionally permissible as an inventory search for administrative purposes. *Houstina*, 216 Mich App at 77.

Next, defendant argues that the trial court abused its discretion when it denied his request for a *Franks*[1] hearing and his motion to suppress the cocaine found inside his apartment. Again, we disagree.

Defendant raised a specific challenge to Paragraph (D)(7) of the search warrant affidavit in the lower court, preserving this portion of the issue for appeal. A trial court's decision on whether to hold an evidentiary hearing based on a challenge to the validity of a search warrant's affidavit is reviewed for an abuse of discretion. See, e.g., *People v Martin*, 271 Mich App 280, 309; 721 NW2d 815 (2006). This Court reviews a trial court's findings of fact supporting the denial of an evidentiary hearing for clear error. *Id*. Defendant did not object to alleged false statements in Paragraphs (D)(6), (D)(8), or (D)(9) in the lower court, and these objections are therefore not properly preserved. *Metamora Water Service, Inc*, 276 Mich App at 382. This Court reviews unpreserved constitutional issues for plain error. *Carines*, 460 Mich at 764.

The trial court's findings of fact at a suppression hearing are reviewed for clear error. *People v Chowdhury*, 285 Mich App 509, 514; 775 NW2d 845 (2009). The trial court has clearly erred if this Court is definitely and firmly convinced it made a mistake. *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002). This Court reviews de novo the trial court's application of the underlying law and its ultimate decision. See *People v Slaughter*, 489 Mich 302, 310; 803 NW2d 171 (2011).

False statements may not be used to support a finding of probable cause to support the issuance of a search warrant. *People v Stumpf*, 196 Mich App 218, 224; 492 NW2d 795 (1992). This Court follows the United States Supreme Court's holding in *Franks v Delaware*, 438 US 154, 155-156; 98 S Ct 2674; 57 L Ed 2d 667 (1978), which requires that when "false statements are made in an affidavit in support of a search warrant, evidence obtained pursuant to the warrant must be suppressed if the false information was necessary to a finding of probable cause." *Stumpf*, 196 Mich App at 224. However, an affidavit supporting a search warrant is presumed to be valid. *Martin*, 271 Mich App at 311. A trial court is obligated to conduct a *Franks* hearing only if the defendant makes a preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the warrant affidavit and that the allegedly false statement was necessary to a finding of probable cause. *People v Mullen*,

---

[1] *Franks v Delaware*, 438 US 154, 155-156; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

282 Mich App 14, 22; 762 NW2d 170 (2008). Such a preliminary showing must be properly supported. As the *Franks* Court explained:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. [*Franks*, 438 US at 171.]

This Court has held that the rule from *Franks* is also applicable to material omissions from affidavits. *Martin*, 271 Mich App at 311, but only when the "material omissions [are] necessary to the finding of probable cause may the resulting search warrant be invalidated," *Mullen*, 282 Mich App at 24 (emphasis omitted). Finally, any invalid portions of the affidavit may be severed, *People v Ulman*, 244 Mich App 500, 510; 625 NW2d 429 (2001), and "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required," *Franks*, 438 US at 171-172.

The trial court did not err when it denied defendant's motion for a *Franks* hearing because defendant failed to make a preliminary showing that the police officer that drafted the warrant knowingly, intentionally, or even recklessly included false statements or omitted material facts. Defendant identifies several items he claims constitute false statements in the affidavit or material omissions from it. Specifically, defendant claims that: (1) contrary to Paragraph (D)(7) of the affidavit, defendant did not provide his arresting officers with the address of his apartment; (2) contrary to Paragraph (D)(6), the arresting officers did not find a key to the stolen Mercedes Benz during their search of defendant's personal vehicle; (3) the affiant omitted information that defendant's daughter only confirmed that defendant was her father, and not that defendant lived at 22951 Park Place, causing Paragraph (D)(8) to be "extremely misleading;" (4) the affiant omitted information regarding a prior, warrantless search of defendant's apartment, wherein police officers found narcotics and, in direct contradiction of Paragraph (D)(6), the key to the stolen Mercedes Benz; and (5) the affiant omitted information regarding defendant's explanation of permissive use of the Mercedes Benz. However, defendant failed to make an offer of proof in the trial court regarding these claims. Defendant did not include an affidavit from either himself or his daughter confirming any of the claims regarding his alleged "permissive use" of the vehicle or the officer's warrantless search of defendant's home. Nor did defendant testify or present the testimony of his daughter at the hearing on his motion for a *Franks* hearing.

Defendant's lack of an offer of proof was not adequately explained. Defense counsel simply presented conclusory and unsupported allegations of falsehoods and omissions that were wholly insufficient to support his request for an evidentiary hearing. Although defendant submitted an affidavit on appeal and argues that statements therein confirm that false statements and material omissions permeated the search warrant affidavit, this Court, as previously

discussed, will not permit defendant to expand the record on appeal. Additionally, defendant has not submitted proof that, even if these allegedly false statements and material omissions were made, the officer made them knowingly and intentionally, or with reckless disregard for the truth. We find no basis upon which to reverse the trial court's rulings.

Finally, defendant argues that he was deprived of the effective assistance of counsel at trial when defense counsel failed to (1) interview defendant's daughter, (2) suppress the evidence seized as a result of the warrantless searches of defendant's vehicle and person incident to his arrest, and (3) "present affidavits in support of the motion for an evidentiary hearing." We disagree.

Defendant failed to preserve this issue by bringing a timely motion for a new trial or a *Ginther*[2] hearing in the lower court. This Court's review of unpreserved claims of ineffective assistance of counsel is limited to mistakes apparent on the record. *Davis*, 250 Mich App at 368. Whether a person has been denied effective assistance of counsel is a mixed question of law and fact. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue de novo. See *id*.

"Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). Courts will not second-guess trial counsel's strategic decisions, *People v Henry*, 239 Mich App 140, 149; 607 NW2d 767 (1999), and defendant must overcome the strong presumption that his counsel's conduct was sound trial strategy, *People v Douglas*, 496 Mich 557, 585; 852 NW2d 587 (2014). "[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel . . . ." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). To establish a claim of ineffective assistance of counsel, "a defendant must show (1) that defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that defense counsel's deficient performance so prejudiced the defendant that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Fonville*, 291 Mich App 363, 383; 804 NW2d 878 (2011).

First, defendant has not shown that defense counsel failed to perform an adequate investigation. Defense counsel has a duty to undertake reasonable investigations, and any choice to limit an investigation is reasonable "to the extent that reasonable professional judgments support the limitations on investigation." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012) (citation and quotation marks omitted). Defendant has failed to prove that defense counsel's investigation was anything but reasonable. Defendant presents only a self-serving affidavit on appeal attributing certain allegations to conversations with his daughter. Again, this

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

affidavit is not part of the lower court record and this Court need not consider it. *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008).[3]

Defendant has also failed to prove that defense counsel was ineffective for failing to file a motion to suppress the cocaine obtained as a result of the warrantless searches of defendant's vehicle and person incident to arrest. As previously discussed, any such motion would have lacked merit. "Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion." *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003).

Finally, although defense counsel's failure to submit affidavits in support of defendant's motion for a *Franks* hearing likely fell below an objective standard of reasonableness, defendant cannot establish prejudice as a result of this failure and his claim of ineffective assistance of counsel in this regard thus fails. We reiterate, first, that we need not consider defendant's appellate affidavit, see *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008), and defendant's current argument is thus inadequately supported. Moreover, even if the statement implying that the stolen Mercedes Benz key was discovered in defendant's personal vehicle is removed from Paragraph (D)(6) of the warrant affidavit, probable cause still existed based on the narcotics discovered in defendant's possession in his vehicle.[4] Indeed, the affidavit requests a warrant to search for evidence of narcotics trafficking, not possession of a stolen vehicle, and the stolen vehicle keys were therefore immaterial to the probable cause determination. This same line of reasoning applies to the alleged omission of defendant's explanation that he had permission to use the Mercedes Benz. Also, as the trial court properly concluded, information regarding a prior, warrantless search of defendant's apartment would not negate probable cause for a search warrant because no evidence discovered during that search was offered or necessary

---

[3] In the affidavit, defendant claims, using secondhand information, that when police officers discovered his apartment, his daughter "only confirmed that [defendant] was her father and did not tell the police that [he] lived at 22951 Park Place." Presumably, defendant finds this information relevant because, if believed, it rendered false the statements contained in the challenged affidavit regarding the police officers' discovery of defendant's address. However, the record indicates that not only had defense counsel spoken with defendant's daughter, she was even available to testify at the hearing on defendant's motion for a *Franks* hearing. Thus, the record simply does not support his assertion of an inadequate investigation.

[4] If an affidavit contains false information, the search warrant may nevertheless be valid and evidence obtained pursuant to the warrant need not be suppressed if probable cause exists without considering the misinformation. *People v Griffin*, 235 Mich App 27, 42; 597 NW2d 176 (1999), overruled on other grounds by *People v Thompson*, 477 Mich 146; 730 NW2d 708 (2007). Probable cause exists when a person of reasonable caution would be justified in concluding that evidence of criminal conduct could be found in a stated place to be searched. See *People v Russo*, 439 Mich 584, 603-604; 487 NW2d 698 (1992). When reviewing a decision to issue a search warrant, the reviewing court must read the search warrant and the underlying affidavit in a common-sense and realistic manner. *Id.* at 604. Deference is afforded the magistrate's decision. *Id.*

for establishing probable cause. Defendant suggests that the affiant did not have adequate information establishing a "nexus between [d]efendant and the apartment . . . ." However, even if we were to accept defendant's *secondhand* claim that his daughter only told the police that defendant was her father, she made this statement while in the apartment in question, thus making it a reasonable inference, in light of their observations of defendant's movements, that such a "nexus" existed. Under all the circumstances, we find no basis for reversal.[5]

Affirmed.

/s/ Patrick M. Meter
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien

---

[5] To the extent that some of defendant's wording in his appellate brief could be interpreted as a cursory request for a remand on the issue of ineffective assistance of counsel, we decline to order such a remand.

-10-