# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

CHARLES WILLIAM WOOD,

Defendant-Appellee.

FOR PUBLICATION
September 19, 2017
9:20 a.m.

No. 331462
Oakland Circuit Court
LC No. 2015-255591-FH

Before: STEPHENS, P.J., and K. F. KELLY and MURRAY, JJ.

K. F. KELLY, J.

The prosecutor appeals by right an order dismissing a charge of possession of a controlled substance (codeine), a violation of MCL 333.7403(2)(b)(ii). The dismissal was based on the circuit court's earlier opinion and order that granted defendant's motion to suppress evidence. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS

On March 14, 2015, Michigan State Police Trooper Everett Morris observed defendant traveling 83 miles per hour in a 70 mile per hour zone. Morris decided to conduct a traffic stop. Defendant was the lone occupant of the car. Morris testified that he "noticed several pill bottles along with several like whippet canisters. They would be nitrous oxide . . .[o]n the rear floorboard." Morris observed about a dozen of the containers. He explained: "They caught my attention because I've dealt with them before where people use them and they huff 'em for a temporary high." Morris confronted defendant about the canisters:

> *A.* We discussed the huffing of the whippets or nitrous oxide that were in the back of the seat. I asked him, you know, when the last time it was that he used it.
>
> *Q.* And what did he say?
>
> *A.* He stated four days ago.
>
> *Q.* Okay. And what, if anything, did you say?
>
> *A.* I informed him that that stuff will kill your brain.

-1-

*Q.* And did he respond to your statement?

*A.* I believe he said I know.

Morris unsuccessfully sought defendant's consent to search the car. He nevertheless ordered defendant out of the car and searched it. In addition to the nitrous oxide whippets, Morris found a canister that is used to huff with. Morris also found an empty bottle of codeine syrup with the name removed, as well as pill bottles with the names removed. Morris found six pills located inside a jacket belonging to defendant, which were determined to be codeine. Morris was not concerned that defendant was actually intoxicated at the time and he did not confiscate the whippets, canisters or the empty pill bottles.

The circuit court granted defendant's motion to suppress the evidence but did not specifically grant or deny defendant's motion to dismiss for lack of untainted evidence. The parties subsequently appeared before the court on January 21, 2016:

> MR. MEIZLISH [prosecutor]: Your Honor, as I imagine you recall, you entered an order suppressing the evidence in this matter. . . . Both sides agreed that if – you should – that you could set the matter for a trial right now.
>
> THE COURT: Okay. So, everybody waives their right to a trial?
>
> MS. MOISE [defense counsel]: Yes.
>
> MR. MEIZLISH: We're just setting it for trial right now.
>
> THE COURT: We'll set it right now.
>
> MR. MEIZLISH: All right. Your Honor, we are unable to proceed at this time.
>
> MS. MOISE: Your Honor, I move for the Court to dismiss this matter.
>
> THE COURT: The prosecutor being unable to proceed, the Court will dismiss the charges.
>
> MR. MEIZLISH: Your Honor, I've prepared an order.
>
> THE COURT: Do you want to sign it, then –
>
> MR. MEIZLISH: Sure.
>
> THE COURT: - we can be done with it? All right. We're all set.

The circuit court entered an order that provided: "I hereby grant Defendant's motion to dismiss the matter." The prosecution now appeals by right. In response, defendant argues that the appeal is moot.

## II. JURISDICTION

Defendant argues that the prosecution's actions have rendered this appeal moot in keeping with *People v Richmond*, 486 Mich 29; 782 NW2d 187 (2010). An appellate court reviews de novo whether an issue is moot. *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016).

In *Richmond*, the circuit court granted the defendant's motion to suppress the evidence based on the fact that the affidavit supporting the search warrant was insufficient to establish probable cause. There, as here, the circuit court's ruling resulted in the exclusion of *all* of the evidence against the defendant. *Richmond*, 486 Mich at 32-33. "The prosecutor then moved to voluntarily dismiss the case without prejudice, stating that '[g]iven the Court's decision, it would make more sense for me to dismiss this case at this time since we are not able to go forward since the evidence has been suppressed.' " *Id.* at 33. The circuit court signed an order dismissing the case without prejudice " 'on the motion of the People.' " *Id.* The prosecutor then appealed the circuit court's decision to suppress the evidence. This Court reversed the circuit court's order and remanded the case for reinstatement of the charges against the defendant. On appeal to the Michigan Supreme Court, the defendant argued for the first time that the Court of Appeals should not have considered the prosecution's appeal because the issue was moot once the prosecution voluntarily obtained dismissal of the case. *Id.* The Supreme Court agreed and held "that the prosecution's voluntary dismissal of the charges rendered its appeal moot and, because a court should not hear moot issues except in circumstances that are not applicable under the facts of this case, the Court of Appeals erred by reaching the substantive issues of the prosecution's appeal." *Id.* at 34. The matter was moot because there was no actual controversy. The Court explained:

> In this case, the prosecution's own action clearly rendered its subsequent appeal moot. After the circuit court suppressed the evidence, the prosecution moved to dismiss the charges against defendant. As a result of the prosecution's voluntarily seeking dismissal of the charges, the circuit court dismissed the charges without prejudice and any existing controversy between the parties was rendered moot. Once the charges were dismissed, an action no longer existed, and, thus, there was no longer any controversy left for the Court of Appeals to consider. Accordingly, because all the charges against defendant had been dismissed at the time of the prosecution's appeal, the Court of Appeals judgment was based on a pretended controversy that did not rest upon existing facts or rights. Because a court cannot tender advice on matters that are no longer in litigation, the Court of Appeals made a determination on a mere barren right—a purely moot question, which, under this Court's precedent, it did not have the power to decide. [*Id.* at 35-36 (quotation marks and citations omitted).]

We decline defendant's invitation to extend the *Richmond* rule to situations in which the prosecutor does not specifically seek to dismiss the case. The Court's focus in *Richmond* was clearly on the prosecution's actions. Here, the prosecution did not seek a dismissal. The order clearly states that it was defendant's motion. This case is distinguishable from *Richmond* because it does not involve a voluntary dismissal by the prosecution. Instead, defendant requested that the circuit court dismiss the charges as part of the motion to suppress.

III. SUPPRESSION

The prosecutor argues that Morris had probable cause to search defendant's vehicle under the automobile exception based on defendant's admission that he committed the crime of huffing and based on Morris's observation of several nitrous canisters and pill bottles on the vehicle's floorboard. The prosecutor further argues that there was probable cause to arrest defendant for huffing nitrous oxide, which would have triggered an inventory search of the vehicle and would have led to the inevitable discovery of the codeine pills. "We review de novo the circuit court's ultimate ruling on a motion to suppress evidence." *People v Barbarich*, 291 Mich App 468, 471; 807 NW2d 56 (2011).

The circuit court properly suppressed evidence seized that was the result of an unlawful search. Our Court has stated:

> The Fourth Amendment of the United States Constitution and article 1, § 11 of the Michigan Constitution protect against *unreasonable* searches and seizures. Generally, searches or seizures conducted without a warrant are presumptively unreasonable and, therefore, unconstitutional. This does not mean that all searches and seizures conducted without a warrant are forbidden; only those that are unreasonable. The United States Supreme Court has carved out numerous exceptions to the general rule that warrantless searches are unreasonable using a test that balances the governmental interest that justifies the intrusion against an individual's right to be free of arbitrary police interference.
>
> ***
>
> Each of these exceptions, however, still requires reasonableness and probable cause. [*People v Barbarich*, 291 Mich App 468, 472; 807 NW2d 56 (2011) (citations, quotation marks and footnote omitted).]

"Probable cause exists when the facts and circumstances known to the police officers at the time of the search would lead a reasonably prudent person to believe that a crime has been or is being committed and that evidence will be found in a particular place." *People v Beuschlein*, 245 Mich App 744, 750; 630 NW2d 921 (2001).

## A. AUTOMOBILE EXCEPTION

"An exception to the warrant requirement exists for searches of automobiles." *People v Levine*, 461 Mich 172, 179; 600 NW2d 622 (1999). Once again, however, "the exception applies only to searches supported by probable cause." *Id.* "The determination whether probable cause exists to support a search, including a search of an automobile without a warrant, should be made in a commonsense manner in light of the totality of the circumstances." *People v Garvin*, 235 Mich App 90, 102; 597 NW2d 194 (1999). "[T]he probable-cause determination must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officers." *United States v Ross*, 456 US 798, 808; 102 S Ct 2157, 2164; 72 L Ed 2d 572 (1982).

The question in this case is whether Morris, under the totality of the circumstances, had probable cause to believe that a crime had been or was being committed and that evidence of the crime would be found in the car. The prosecution relies heavily upon *People v Kazmierczak*, 461

Mich 411; 605 NW2d 667 (2000) and argues that the totality of the circumstances revealed there was a fair probability that Morris would find evidence that defendant committed the crime of huffing chemical agents, in violation of MCL 752.272, as well as possession of or use of controlled substances under MCL 333.7404(2)(b).

In *Kazmierczak*, the Michigan Supreme Court concluded that:

> when a qualified person smells an odor sufficiently distinctive to identify contraband, the odor alone may provide probable cause to believe that contraband is present. Thus, the odor provides a "substantial basis" for inferring a "fair probability" that contraband or evidence of a crime will be found. Here, Officer Bordo testified that he had previous experience involving marijuana investigations and that he recognized "a very strong smell of marijuana emanating from the vehicle." The trial court found the officer's testimony to have been credible. Under such circumstances, probable cause to search for marijuana existed. [*Kazmierczak*, 461 Mich at 420–422.]

Here, the prosecution argues that, like Bordo in *Kazmierczak*, Morris had probable cause to believe that a search of defendant's vehicle would reveal evidence of the crime of possession of a controlled substance based on defendant's admission that he committed the crime of huffing and based on Morris's observation of several nitrous canisters and pill bottles on the vehicle's floorboard. However, *Kazmierczak* is distinguishable from the case at bar in a significant way – whereas the possession of marijuana was a crime in and of itself, defendant's possession of the nitrous canisters and pill bottles was perfectly legal. The canisters did not form the basis for probable cause to search defendant's vehicle.

The prosecution argues, however, that the canisters along with defendant's admission provided probable cause for the search. Defendant admitted that he had huffed four days prior, which was prohibited by MCL 752.272:

> No person shall, for the purpose of causing a condition of intoxication, euphoria, excitement, exhilaration, stupefaction or dulling of the senses or nervous system, intentionally smell or inhale the fumes of any chemical agent or intentionally drink, eat or otherwise introduce any chemical agent into his respiratory or circulatory system. This shall not prohibit the inhalation of any anesthesia for medical or dental purposes.

Defendant's statement could not form the basis for probable cause to search defendant's vehicle. The statute does not prohibit possessing the nitrous canisters; rather, it prohibits the misuse of the canisters. Therefore, the statute addresses intoxication and impairment. Morris never suspected that defendant was intoxicated or impaired when he pulled defendant over. Defendant had been speeding, but there was no testimony that he had been driving erratically. Nor did Morris suspect that defendant was intoxicated or impaired when he spoke with him. This case would be entirely different had Morris observed defendant in an impaired state or suspected that defendant was in an impaired state. Instead, Morris believed that defendant's statement and the presence of the canisters created probable cause to believe that *other* controlled substances would be found.

## B. ARREST/INVENTORY SEARCH

"[A]n inventory search of a person in detention is constitutional if the underlying arrest was valid and the search was conducted by the police in accordance with standardized department procedures." *People v Houstina*, 216 Mich App 70, 77; 549 NW2d 11 (1996). Such a search "is considered to be an administrative function rather than a part of a criminal investigation." *Id.*

The inventory exception to the warrant requirement does not apply because defendant's arrest was not valid.

> A police officer may make an arrest without a warrant if there is probable cause to believe that a felony was committed by the defendant, or probable cause to believe that the defendant committed a misdemeanor in the officer's presence. "Probable cause is found when the facts and circumstances within an officer's knowledge are sufficient to warrant a reasonable person to believe that an offense had been or is being committed." The standard is an objective one, applied without regard to the intent or motive of the police officer. [*People v Chapo*, 283 Mich App 360, 366–367; 770 NW2d 68 (2009).]

MCL 764.15(1)(d) permits warrantless arrests for misdemeanors that occur outside an officer's presence when "[t]he peace officer has reasonable cause to believe a misdemeanor punishable by imprisonment for more than 92 days . . . has been committed and reasonable cause to believe the person committed it." The prosecution argues that Morris was entitled to arrest defendant for huffing. A person who huffs "is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $100.00, or both." MCL 752.273. The fact remains that defendant was arrested for possession of codeine pills (which were found as a result of an illegal search) not for inhaling nitrous oxide.

We find instructive this Court's recent opinion in *People v Mead*, ___ Mich App ___; ___ NW2d ___ (Docket No. 327881, issued August 8, 2017). In *Mead*, a police officer stopped a driver for an expired license plate. The driver subsequently consented to a search of the vehicle. As part of that search, the officer opened a backpack belonging to defendant, who was a passenger in the car, and found methamphetamine. *Mead*, slip op, p 2. The primary issue in the defendant's appeal was whether he had standing to challenge the search. This Court concluded that he did not. However, the Michigan Supreme Court remanded the case for further consideration of the issue, along with an instruction that this Court consider "whether there are any other grounds upon which the search may be justified." *Id*. at slip op, p 1. On remand, this Court ultimately concluded that defendant lacked standing to challenge the validity of the search. *Id*. at slip op, pp 2-4. For our purposes, however, the informative portion of the Court's decision was when it addressed whether there were "other grounds justifying the search." This Court concluded that there were not. Specifically, it rejected the prosecution's claim that the arrest exception to the warrant requirement applied. The Court first noted:

> "[T]here is no reason to believe that evidence relevant to the crime of arrest would be found in the vehicle" when police are addressing "civil infractions" or a person "driving without a valid license." *Id*. at 586. "[J]ustifying the arrest by the search

and at the same time the search by the arrest, just will not do." *Smith v Ohio*, 494 US 541, 543; 110 S Ct 1288; 108 L Ed 2d 464 (1990) (quotations, alterations, and citation omitted). For example, a "search of a container cannot be justified as being incident to an arrest if probable cause for the contemporaneous arrest was provided by the fruits of that search." *People v Champion*, 452 Mich 92, 116-117; 549 NW2d 849 (1996).

With that in mind, the Court concluded that the police officer lacked probable cause to arrest the defendant:

In this case, Officer Burkart did not search the backpack incident to the arrest of Mead or Taylor. Officer Burkart stopped the vehicle due to an expired license plate. It is unclear how the vehicle could contain evidence of an expired license plate. Officer Burkart repeatedly testified that he had no intent to arrest Taylor for the infraction. Additionally, Officer Burkart testified that Mead and Taylor admitted to using narcotics. But he did not testify that drug use was the basis for the stop of the vehicle, that either admitted to possessing drugs that night, that either admitted using drugs that night, or that either exhibited signs of being under the influence of narcotics. Upon viewing the video of the traffic stop, it does not appear that Taylor or Mead are within reaching distance of the backpack or passenger compartment of the vehicle at the time of the search. Therefore, Officer Burkart lacked probable cause for a lawful arrest as is required to permit a search incident to arrest.

These facts are eerily similar to those before us. We see no reason to conclude differently.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens