PEOPLE v TAVERNIER

Docket No. 302678. Submitted January 5, 2012, at Detroit. Decided
January 26, 2012. Approved for publication March 6, 2012, at
9:10 a.m. Application for leave to appeal dismissed, 492 Mich
859.

William S. Tavernier was convicted following a bench trial in the
Wayne Circuit Court, Daniel A. Hathaway, J., of carrying a
concealed weapon, possession of a firearm by a felon, possession of
a firearm during the commission of a felony, operating a motor
vehicle while intoxicated and with an occupant under 16 years old,
and possession of marijuana. Defendant appealed, alleging that
the court had erred when it denied his motion to suppress evidence
that was discovered after the police officer stopped defendant's
vehicle because he thought defendant might be driving while
intoxicated, placed defendant in the back seat of a police vehicle,
determined that defendant was under arrest, and searched the
vehicle. The motion was based on *Arizona v Gant*, 556 US 332
(2009), which held that the police may search a vehicle incident to
a recent occupant's arrest only if the arrestee is within reaching
distance of the passenger compartment at the time of the search or
it is reasonable to believe that the vehicle contains evidence of the
offense of arrest. Defendant alleged that the court erred by
determining that the officer had a reasonable belief that the
vehicle might contain evidence that defendant had been driving
while under the influence of drugs, "the offense of arrest."

The Court of Appeals *held*:

The facts known to the police officer at the time of the search,
coupled with the officer's common sense, based on his experience,
training, and the totality of the circumstances, were sufficient for
the trial court to conclude that it was reasonable for the officer to
believe that the vehicle might contain evidence of driving under
the influence of drugs, "the offense of arrest." The search of the
vehicle did not violate the *Gant* exception to the Fourth Amend-
ment's warrant requirement. The trial court did not clearly err as
a result of its factual findings and did not err by denying
defendant's motion to suppress the evidence.

Affirmed.

SEARCHES AND SEIZURES — MOTOR VEHICLES — SEARCH FOLLOWING RECENT
    OCCUPANT'S ARREST.

> The police may search a vehicle without a warrant incident to a
> recent occupant's arrest only if the arrestee is within reaching
> distance of the passenger compartment at the time of the search or
> it is reasonable to believe that the vehicle contains evidence of the
> offense of arrest; a trial court, in determining reasonableness,
> must consider whether the facts known to the officer at the time of
> the stop would warrant an officer of reasonable caution to suspect
> criminal activity; the officer's conclusion must be drawn from
> reasonable inferences based on the facts in light of the officer's
> training and experience; the reasonableness of an officer's suspi-
> cion is determined case by case on the basis of the totality of all the
> facts and circumstances; those circumstances must be viewed as
> understood and interpreted by law enforcement officers, not legal
> scholars, and deference should be given to the experience of the
> law enforcement officers and their assessments of criminal modes
> and patterns.

*Bill Schuette*, Attorney General, *John J. Bursch*,
Solicitor General, *Kym L. Worthy*, Prosecuting Attor-
ney, and *Timothy A. Baughman*, Chief of Research,
Training, and Appeals, for the people.

*William W. Swor* for defendant.

Before: DONOFRIO, P.J., and STEPHENS and RONAYNE
KRAUSE, JJ.

PER CURIAM. Defendant appeals as of right his con-
victions following a bench trial of carrying a concealed
weapon, MCL 750.227, possession of a firearm by a
felon, MCL 750.224f, possession of a firearm during the
commission of a felony (felony-firearm), MCL 750.227b,
operating a motor vehicle while intoxicated and with an
occupant under the age of 16, MCL 257.625(7)(a)(*i*), and
possession of marijuana, MCL 333.7403(2)(d). He was
sentenced to two years' incarceration for the felony-
firearm conviction to be served consecutively to three
years' probation for the other convictions. We affirm.

On appeal, defendant contends that the trial court erred when it denied his motion to suppress evidence based on *Arizona v Gant*, 556 US 332, 343-344; 129 S Ct 1710; 173 L Ed 2d 485 (2009). We disagree. This Court reviews a trial court's findings of fact at a suppression hearing for clear error and reviews de novo its ultimate decision on a motion to suppress the evidence. *People v Hyde*, 285 Mich App 428, 438; 775 NW2d 833 (2009); *People v Mullen*, 282 Mich App 14, 21; 762 NW2d 170 (2008). Whether the exclusionary rule should be applied to a violation of the Fourth Amendment is a question of law reviewed de novo. *People v Custer*, 465 Mich 319, 326; 630 NW2d 870 (2001).

In *New York v Belton*, 453 US 454, 460; 101 S Ct 2860; 69 L Ed 2d 768 (1981), the United States Supreme Court held that when an officer lawfully arrests "the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile" as well as the "contents of any containers found within the passenger compartment . . . . However, in *Gant*, 556 US at 343, quoting *Thornton v United States*, 541 US 615, 632; 124 S Ct 2127; 158 L Ed 2d 905 (2004) (Scalia, J., concurring in the judgment), the Court held: "[W]e also conclude that circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" The *Gant* Court further explained:

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unrea-

sonable unless police obtain a warrant or show that another exception to the warrant requirement applies. [*Gant*, 556 US at 351.]

Several cases, including *Gant*, provide guidance in determining reasonableness. In *Terry v Ohio*, 392 US 1, 21-22; 88 S Ct 1868; 20 L Ed 2d 889 (1968), the Court stated that in determining reasonableness, the trial court must consider whether the facts known to the officer at the time of the stop would warrant a reasonably prudent person to suspect criminal activity. An officer's conclusion must be drawn from reasonable inferences based on the facts in light of his training and experience. *Id.* at 27. "The reasonableness of an officer's suspicion is determined case by case on the basis of the totality of all the facts and circumstances." *People v LoCicero (After Remand)*, 453 Mich 496, 501-502; 556 NW2d 498 (1996). "[T]hose circumstances must be viewed 'as understood and interpreted by law enforcement officers, not legal scholars . . . .' " *People v Oliver*, 464 Mich 184, 192; 627 NW2d 297 (2001), quoting *People v Nelson*, 443 Mich 626, 632; 505 NW2d 266 (1993). The United States Supreme Court has said that deference should be given to the experience of law enforcement officers and their assessments of criminal modes and patterns. *United States v Arvizu*, 534 US 266, 273; 122 S Ct 744; 151 L Ed 2d 740 (2002).

The *Gant* Court did not expressly define the meaning of the phrase "reasonable to believe," nor did it expound on when it is reasonable for an officer to believe that the passenger compartment of a vehicle might contain evidence of the crime for which the vehicle's occupant was arrested, but it did provide strong clues regarding what is reasonable. The Court said that the offenses of arrest in *Belton* (unlawful possession of marijuana) and *Thornton* (unlawful possession of marijuana and crack

cocaine) supplied "a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein." *Gant*, 556 US at 344. The Court also gave examples of offenses for which there is no reason to believe that evidence relevant to the crime of arrest would be found in the vehicle, such as civil infractions and driving without a valid license. *Id.* at 343-344. *Gant* also specifically stated that "the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein." *Id.* at 344.

The legality of the search in this case was based on the second prong of the *Gant* holding, that "it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 347, 351. Upon review de novo, we conclude that the trial court's factual findings were consistent with the testimony and other evidence in the record.[1] Before his search of defendant's vehicle, the arresting officer had information from another police officer that defendant was driving erratically and was possibly driving while intoxicated. When the officer activated his overhead lights to indicate to defendant to stop his vehicle, defendant's vehicle ran over a curb before it stopped. When the officer conducted the field sobriety tests, defendant acted confused and was not able to complete the tasks. Defendant told the officer that he had recently had surgery. The officer placed defendant in the police car. Although he was not handcuffed at the time, defendant was not able to get out of the police car. Then, the officer received information from defendant's brother that defendant was taking OxyContin for pain. On the basis of the totality of the

---

[1] The video of the arrest and search was not supplied to this Court. However, we conclude that the evidence in the record is sufficient to address and answer this question.

circumstances and his common sense in light of his training and experience, the police officer decided that defendant was under arrest and to search defendant's vehicle. The officer stated two reasons why he searched the vehicle: (1) "he was under arrest I was going to impound his vehicle . . . [and] [i]nventory it," and (2) "I was also looking for some sort of narcotic or maybe his pain medication that might have been in the vehicle. . . . Something that would show me why he was driving so badly."

In deciding defendant's motion to suppress evidence, the trial court determined that the officer had

> a sufficient reasonable suspicion based upon all those factors for him to conduct a search to determine whether there was any narcotics or prescription bottles that might have been in the vehicle that would further support his determination that there was–the Defendant had been in fact driving while impaired by drugs.

We hold that the facts known to the police officer at the time of the search, coupled with his common sense, based on his experience, training, and the totality of the circumstances, were sufficient for the trial court to conclude that it was reasonable to believe that the vehicle might contain evidence of driving under the influence of drugs, "the offense of arrest." The search of defendant's vehicle did not violate the *Gant* exception to the Fourth Amendment. The court did not clearly err in its factual findings. Upon review de novo, we hold that the trial court did not err by denying defendant's motion to suppress the evidence found during the search of his vehicle.

Affirmed.

DONOFRIO, P.J., and STEPHENS and RONAYNE KRAUSE, JJ., concurred.