# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

KESHAUN DANTE BAILEY,

Defendant-Appellee.

UNPUBLISHED
January 12, 2017

No. 329620
Wayne Circuit Court
LC No. 15-001577-01-FH

Before: RIORDAN, P.J., and FORT HOOD and SERVITTO, JJ.

PER CURIAM.

This case is before this Court on remand from the Michigan Supreme Court for consideration as on leave granted. *People v Bailey*, ___ Mich ___; 883 NW2d 761 (2016). Defendant was charged with carrying a concealed weapon, MCL 750.227, possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*), possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and possession of marijuana, MCL 333.7403(2)(d). Defendant moved to suppress evidence of a firearm and less than 25 grams of heroin that the police secured following a search of a minivan in which defendant was travelling as a passenger.[1] The prosecution filed a delayed application for leave to appeal the trial court's suppression order, and we reverse and remand for proceedings consistent with this opinion.

On appeal, the thrust of the prosecution's challenges to the trial court's suppression order relate to its argument that the search of the minivan that defendant was travelling in and the safe contained in the minivan were lawful as incident to defendant's arrest. We agree.

As an initial matter, defendant asserts that the issue of whether the contested search was lawful as incident to his arrest was not raised in and decided by the trial court. Even accepting this contention, this Court may review an unpreserved issue where it presents a question of law, and the facts necessary to resolve the issue have been presented. *People v Smart*, 304 Mich App 244, 274; 850 NW2d 579 (2014).

---

[1] The items were retrieved from a locked safe in the minivan.

-1-

In *People v Tavernier*, 295 Mich App 582, 584; 815 NW2d 154 (2012), this Court recognized the applicable standards for reviewing a trial court's findings of fact and ultimate decision in relation to a defendant's motion to suppress evidence.

> This Court reviews a trial court's findings of fact at a suppression hearing for clear error and reviews de novo its ultimate decision on a motion to suppress the evidence. *People v Hyde*, 285 Mich App 428, 438; 775 NW2d 833 (2009); *People v Mullen*, 282 Mich App 14, 21; 762 NW2d 170 (2008). Whether the exclusionary rule should be applied to a violation of the Fourth Amendment is a question of law reviewed de novo. *People v Custer*, 465 Mich 319, 326; 630 NW2d 870 (2001).

In *People v Houstina*, 216 Mich App 70, 74; 549 NW2d 11 (1996), this Court set forth the following principles of law regarding the right to be free from unreasonable searches and seizures.

> This right to be secure against unreasonable searches and seizures absent a warrant based upon probable cause is subject to several specifically established and well-delineated exceptions. Generally, evidence obtained in violation of the Fourth Amendment is inadmissible as substantive evidence in criminal proceedings. Thus, in order to show that a search was legal, the police must show either that they had a warrant or that their conduct fell within one of the narrow, specific exceptions to the warrant requirement. [Citations omitted.]

In *Arizona v Gant*, 556 US 332, 338; 129 S Ct 1710; 173 L Ed 2d 485 (2009), the United States Supreme Court observed that one of the exceptions to the requirement that a search be conducted pursuant to a warrant is "a search incident to a lawful arrest." According to the *Gant* Court, "[t]he exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Id.* (Citations omitted.) As relevant to this appeal, in *Gant*, 556 US at 343-344, the United States Supreme Court held as follows:

> Although it does not follow from *Chimel* [*v California*, 395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969)], we also conclude that circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Thornton* [*v United States*, 541 US 615, 632; 124 S Ct 2127; 158 L Ed 2d 905 (2004) (SCALIA J., concurring in judgment). In many cases, as when a recent occupant is arrested for a traffic violation, there will be no reasonable basis to believe the vehicle contains relevant evidence. See, e.g., *Atwater v Lago Vista*, 532 US 318, 324; 121 S Ct 1536; 149 L Ed 2d 549 (2001); *Knowles v Iowa*, 525 US 113, 118; 119 S Ct 484; 142 L Ed 2d 492 (1998). But in others, including [*New York v Belton*, 453 US 454; 101 S Ct 2860; 69 L Ed 2d 768 (1981)] and *Thornton*, the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein.

In *Tavernier*, 295 Mich App at 585-586, this Court undertook a thorough analysis of under what circumstances it will be reasonable for law enforcement to believe that evidence relevant to the crime of arrest may be yielded from a search of an arrestee's vehicle:

> Several cases, including *Gant*, provide guidance in determining reasonableness. In *Terry v Ohio*, 392 US 1, 21–22; 88 S Ct 1868; 20 L Ed 2d 889 (1968), the Court stated that in determining reasonableness, the trial court must consider whether the facts known to the officer at the time of the stop would warrant a reasonably prudent person to suspect criminal activity. An officer's conclusion must be drawn from reasonable inferences based on the facts in light of his training and experience. *Id*. at 27. "The reasonableness of an officer's suspicion is determined case by case on the basis of the totality of all the facts and circumstances." *People v LoCicero* (*After Remand*), 453 Mich 496, 501–502; 556 NW2d 498 (1996). "[T]hose circumstances must be viewed 'as understood and interpreted by law enforcement officers, not legal scholars . . . .'" *People v Oliver*, 464 Mich 184, 192; 627 NW2d 297 (2001), quoting *People v Nelson*, 443 Mich 626, 632; 505 NW2d 266 (1993). The United States Supreme Court has said that deference should be given to the experience of law enforcement officers and their assessments of criminal modes and patterns. *United States v Arvizu*, 534 US 266, 273; 122 S Ct 744; 151 L Ed 2d 740 (2002).
>
> The *Gant* Court did not expressly define the meaning of the phrase "reasonable to believe," nor did it expound on when it is reasonable for an officer to believe that the passenger compartment of a vehicle might contain evidence of the crime for which the vehicle's occupant was arrested, but it did provide strong clues regarding what is reasonable. The Court said that the offenses of arrest in *Belton* (unlawful possession of marijuana) and *Thornton* (unlawful possession of marijuana and crack cocaine) supplied "a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein." *Gant*, 556 US at 344. The Court also gave examples of offenses for which there is no reason to believe that evidence relevant to the crime of arrest would be found in the vehicle, such as civil infractions and driving without a valid license. *Id*. at 343–344. *Gant* also specifically stated that "the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein." *Id*. at 344.

In the instant case, the record evidence adduced at the suppression hearing confirms that it was reasonable for Officer Chad Jagotka to suspect that evidence relevant to the crime of arrest would be yielded following a search of the minivan and safe. This Court is required to evaluate the totality of the circumstances leading up to the search, looking at the facts that were available to Officer Jagotka, and, deferring to his law enforcement experience, determine the legality of the search he undertook on that basis. *Tavernier*, 295 Mich App at 585-586. Officer Jagotka testified that he pursued the vehicle defendant was travelling in after receiving a call regarding a nearby disturbance and where the vehicle matched the description given by the caller to a 911 dispatcher. The minivan defendant was travelling in was stopped because it bore an improper license plate. Defendant initially lied to Officer Jagotka and gave him an alias of Mark Bailey. After being confronted by police, defendant admitted that he had multiple outstanding warrants.

Defendant also admitted to police officers as he got out of the minivan that he was in possession of marijuana. Under these facts, it was certainly reasonable for Officer Jagotka to conclude that evidence relevant to the offense of marijuana possession would be retrieved following a search of the minivan and the safe.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.[2]

/s/ Michael J. Riordan
/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto

---

[2] Given our disposition of this issue, we need not consider the alternative arguments presented by the prosecution in its brief on appeal to support the lawfulness of the search.