*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DALE RONALD BREUER,

        Defendant-Appellant.

UNPUBLISHED
March 21, 2025
12:13 PM

No. 366387
Kent Circuit Court
LC No. 20-006183-FH

Before: N. P. HOOD, P.J., and BOONSTRA and FEENEY, JJ.

N. P. HOOD, P.J. (*concurring*).

I respectfully concur in the result. I agree with the majority's analysis and conclusions with the exception of Part III(B) involving overbreadth (or lack of particularity) of the search warrant for Defendant Dale Ronald Breuer's cell phone. The warrant authorized a search of the target cell phone for "all data," without limitation on time, type of data, or data constituting evidence, fruits, or contraband related to the crime under investigation. This failed the particularity requirement of the United States Constitution and the Michigan Constitution. See *People v Carson*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 355925); slip op at 11-14. The trial court therefore erred by denying Breuer's motion to suppress the cell-phone evidence. This error, however, did not affect the outcome of the case. The material evidence that investigators obtained from the cell phone was location data. The prosecution had other evidence of Breuer's location for the times in question. For these reasons, and those later stated, I disagree with Part III(B) but agree with the majority in affirming Breuer's convictions.

The majority opinion accurately describes the factual background of the case. One issue, however, warrants amplification. The warrant, on its face, allowed the law enforcement personnel executing the warrant to seize all data on any cell phone belonging to Breuer, without limitation. The warrant described the place to be searched as the residence located at 3336 Fuller Ave SE in Grand Rapids, Michigan, including all rooms, basements, outbuildings, and "places of concealment therein," including any vehicles on the property. The warrant then described the items to be seized as follows:

any cell phone belonging to Dale Breuer . . . a*nd all digital information contained in the cell phones* including but not limited to, *all data stored on the mobile device* including but not limited to: text messages, internet searches, any pictures, videos and phone numbers, incoming and outgoing calls and text messages, passwords, GPS coordinates, and any documentation showing resident information from 3336 Fuller Ave SE. (Emphasis added.)

The affidavit supporting the warrant described the investigation, including references to recordings of calls Breuer made from jail regarding incriminating information contained on his cell phone.

As the majority correctly observes, we review a trial court's fact findings during a suppression hearing for clear error, and we review de novo its decision on a motion to suppress. *People v Tavernier*, 295 Mich App 582, 584; 815 NW2d 154 (2012). "To the extent that a trial court's ruling on a motion to suppress involves an interpretation of the law or the application of a constitutional standard to uncontested facts, our review is de novo." *People v Tanner*, 496 Mich 199, 206; 853 NW2d 653 (2014) (quotation marks and citation omitted).

The United States Constitution and Michigan Constitution protect the people's right against unreasonable searches and seizures. See US Const, Am IV. See also Const 1963, art 1, § 11. Generally, a search requires a warrant. *People v Hughes*, 506 Mich 512, 525; 958 NW2d 98 (2020). Like other items and effects, the warrant requirement applies to searches of cell-phone data. See *Carson*, ___ Mich App at ___; slip op at 11, citing *Hughes*, 506 Mich at 525, and *Riley v California*, 573 US 373; 134 S Ct 2473; 189 L Ed 2d 430 (2014). The Fourth Amendment prohibits issuance of a warrant unless it is based on probable cause, supported by an oath or affirmation, and "particularly describ[es] the place to be searched, and the persons or things to be seized." See US Const, Am IV. This last aspect is sometimes called the "particularity requirement." The Michigan Constitution contains a similar provision. See Const 1963, art 1, § 11 ("No warrant to search any place or to seize any person or things or to access electronic data or electronic communications shall issue *without describing them . . .*"). As this Court recently stated in *People v Carson*:

> "The purpose of the particularity requirement in the description of items to be seized is to provide reasonable guidance to the executing officers and to prevent their exercise of undirected discretion in determining what is subject to seizure." *People v Unger*, 278 Mich App 210, 245, 749 NW2d 272 (2008) (quotation marks and citation omitted). "A search warrant is sufficiently particular if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the people and property subject to the warrant." *People v Brcic*, 342 Mich App 271, 277-82, 994 NW2d 812 (2022) (quotation marks and citation omitted). Whether a warrant satisfied the particularity requirement depends on "the circumstances and the types of items involved." *Unger*, 278 Mich App at 245. [*People v Carson*, ___ Mich App at ___; slip op at 11.]

Put differently, a warrant satisfies the particularity requirement if an officer unrelated to the investigation could execute the warrant based on what is contained on the face of the warrant. See *id*. Regarding particularity in the context of electronic devices, our Supreme Court has stated, "allowing a search of an entire device for evidence of a crime based upon the possibility that

evidence of the crime could be found anywhere on the phone and that the incriminating data could be hidden or manipulated would render the warrant a general warrant . . . ." *Hughes*, 506 Mich at 542 (quotation marks omitted). And a search may not stand on a general warrant. *People v Hellstrom*, 264 Mich App 187, 192; 690 NW2d 293 (2004).

Here, the warrant fails the particularity requirement. It describes the items to be seized as "all data" contained on the target cell phone. Although it lists certain types of data to be seized, it twice clarifies that those lists are not exhaustive (i.e., "including but not limited to . . ."). Notably, the warrant contains no limitation based on dates, type of data, and, most critically, data that constitutes evidence, fruits, or contraband of a specific crime. See MCL 780.652 (describing the grounds for issuance of a search warrant). Put simply, an officer that was not involved in this investigation would not reasonably be able to discern what they were looking for. On its face,[1] it is unclear whether the warrant is for sex crimes, a fraud scheme, a murder, or any number of other crimes. Instead, the warrant authorizes the seizure of all things.

As stated, we recently concluded that such a warrant failed the particularity requirement in *People v Carson*. There, like here, the warrant sought "all data" without a limitation based on date or type of data. See *Carson*, ___ Mich App at ___; slip op at 11-12. Unlike here, the warrant in *Carson* at least limited the data to evidence related to the investigation of the target offense, safe cracking. See *id.* Here, there is no such limitation.

For these reasons, the warrant fails the particularity requirement. See *id.* The warrant is so obviously deficient that we should not conclude that it is subject to the good-faith exception. See *Carson*, ___ Mich App at ___; slip op at 14-16. I would therefore conclude that the trial court erred by denying the motion to suppress.

This error, however, had little impact on the rest of the case. The material evidence that officers seized from the cell phone was largely location data. Law enforcement obtained similar evidence from the search warrant directed to Breuer's cellular service provider. The prosecution also presented other evidence that established his location. So, while I disagree with the majority's conclusion regarding the validity of the warrant, I agree with its alternative conclusion that any such error would have been harmless.

I respectfully concur.

/s/ Noah P. Hood

---

[1] Admittedly, the attached affidavit provides some clarity. But the warrant does not contain incorporation language that would refence the attached affidavit. So, an executing officer would not necessarily be able to rely on it. See *Carson*, ___ Mich App at ___; slip op at 11 n 7 ("When assessing whether the warrant sufficiently described the places to be searched and items to be seized, we have *not* considered the contents of the supporting affidavit because the warrant did not contain 'appropriate words of incorporation' directing the officers to refer to the affidavit during execution of the search." (quotation marks and citations omitted). It is unclear whether the omission was tactical (i.e., to allow the affidavit to be sealed) or inadvertent.